Harris v. Hardwick, 18 N. M. 303.

---

[No. 1587, December 2, 1913.]

W. B. HARRIS, Appellee, v. E. F. HARDWICK, Appellant.

## SYLLABUS (BY THE COURT)

1. A agreed with B that he would procure a mortgage on land owned by A to be foreclosed and sold on execution. B agreed to become a purchaser of the land at such sale, and to pay to A the difference between the price he was required to pay for the land less than $3500.00. The contract was fully performed, and B was placed in possession of the land.

under a deed executed to him under such foreclosure proceedings. He refused to pay A the agreed difference of $925.00. **Held,** that the vendor could recover the stipulated price.

P. 310

2. The statute of frauds is no bar to an action for the price of land actually conveyed, where the deed has been accepted or title has otherwise passed, although the grantor could not have been compelled to convey, or the grantor to accept a deed, because the contract was oral.

P. 309,

Appeal from the District Court of Eddy County; John T. McClure, District Judge; affirmed.

ED. S. GIBBANY; G. T. BLACK, Roswell, N. M., for appellant.

No action shall be brought upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, unless the agreement shall be in writing, etc. Stat. Frauds, sec. 4.

Statute of Frauds in force in New Mexico. Childers v. Talbot, 16 Pac. 275.

Evidence of a parol modification, in a material particular, of a written contract required by the Statute of Frauds to be in writing, is inadmissible and such a contract is not enforceable in any court. Jones on Evidence (2nd ed.) 444; note, 4 L. R. A. (N. S.) 980-1; Warvelle on Vendors, 2nd ed., 1-169; 20 Cyc. 287; 29 A. & E. End., 824, par. 8; 100 Amer. Dec. 169-172; 1 Addison on Contracts, Abbott's Ed., 201; 1 Chitty on Contracts, 11 Am. Ed., sec. 154; Bishop on Contracts, sec. 771; Fry on Specific Performance, 3d Am. Ed., sec. 777; Brown on Statute of Frauds, secs. 441, et seq.; 2 2Reed on Stat: Frauds, secs. 454, et seq.; McConathy v. Lanham, 76 S. W. 536; Heths Exec. v. Woolridges Exec., 18 Am. Dec. 751; Abell v. Munson, 100 Am. Dec. 165; Blood v. Goodrich, 24 Am.

Dec. 121; Emerson v. Slater, 22 How. 28, 16 L. Ed. 360;
Kingston v. Walters, 93 Pac. 700; Swain v. Seamens, 9
Wall. 254; Adler v. Freeman, 16 Cal. 140; Mitchell v.
Universal Life Ins. Co., 54 Ga. 290; Rigsbee v. Bowler,
17 Ind. 169; McEwan v. Ortman, 34 Mich. 325; Brown
v. Sanborn, 21 Minn. 402; Long v. Hartwell, 34 N. J. L.
124; Shultz v .Bradley, 57 N. Y. 646; Espy v. Anderson,
14 Pa. 311.

When it is shown that a party has pursued a certain
course of action, he is bound by estoppel in pais from set-
ting up or alleging other facts inconsistent with his for-
mer action. 8 Eng. Pl. & Pr. 10; 11 Am. & Eng. Enc
422; Machine Co. v. Wood, 43 L. R. A. 449.

Where a contract is partly in writing and partly in
parol, the legal effect thereof is to reduce the whole to the
plane of a parol contract. Snow v. Nelson, 113 Fed. 353.

OSBORN & ROBINSON, Roswell, N. M., for appellee.

The Statute of Frauds will not avail the pleader thereof
where such would result in the commission of a fraud.
Kingston v. Walters, 93 Pac. 700; Kofka v. Rosicky, 25
L. R. A. 207.

The Statute of Frauds is no bar to an action for the
price of lands actually conveyed where the deed has been
accepted or title has otherwise passed, although the gran-
tor could not have been compelled to convey, nor the
grantee to accept a deed. 20 Cyc. 294, 299; Kingston v.
Walters, 93 Pac. 700; Swain v. Seamens, 76 U. S. (9
Wall.) 254; note to Frame v. Frame, 5 L. R. A. 323;
McKenzie v. Harrison, 120 N. Y. 260, 8 L. R. A. 257;
McCreery v. Day, 119 N. Y. 1, 6 L. R. A. 257.

Any act done by the promisee at the request of the
promisor is a sufficient consideration for the promise made
to him. Ballard v. Burton, 16 L. R. A. 664; Anson on
Contracts, 62; Judy v. Louderman, 48 Ohio St. 562; 1
Parsons on Contracts, 444; Burr v. Wilcox, 13 Allen
272; Doyle v. Doxin,, 97 Mass. 213, 93 Am. Dec. 80;
Phoenx Mut. Ins. Co. v. Raddin, 120 U. S. 183.

Evidence of a parol modification of a written contract is admissible and such contract will be enforced in any court. Cummings v. Arnold, 37 Am. Dec. 155; Marsh v. Bellew, 45 Wis. 38; Bryan v. Hunt, 70 Am. Dec. 262; Toledo, St. L. & K. C. R. Co. v. Levy, 127 Ind. 168; Oiler v. Gard, 23 Ind. 212; Cincinnati, U. & Ft. W. R. Co. v. Pearce, 28 Ind. 502.

A parol contract may be added to a written one and the two may stand together. Greenwalt v. Kohne, 85 Pa. 369; Ewaldt v. Farlow, 62 Ia. 212; Reynolds v. Hassan, 56 Vt. 449; Collingwood v. Merchants Bank, 15 Neb. 118; Kingston v. Walters, 93 Pac. 700.

The parol contract established a subsequent arrangement between the parties. Wood v. Russell, 1 Cent. Rep. 336; Lynch v. Henry, 75 Wis. 631.

A party seeking to enforce an alleged contract must first show performance of all conditions precedent by him to be performed, or a sufficient waiver of the same by the adverse party.

Hitchins v. Pettingale, 58 N. H. 386.

The Statute of Frauds cannot be set up as a protection to fraud. Kinard v. Hiers, 44 Am. Dec. 643; Teague v. Fowler, 56 Ind. 569; Rogers v. Rogers, 87 Mo. 257; Green v. Green, 55 Am. Rep. 256; Barnard v. Flinn, 8 Ind. 204; Leahey v. Leahey, 11 Mo. App. 413; Turner v. Johnson, 95 Mo. 431.

*Appellant's Brief on Motion for Rehearing.*

This case does not come within the rule laid down in the case of Kingston v. Walters, 93 Pac. 700.

### STATEMENT OF FACTS.

On the 3rd day of April, 1908, appellee and appellant entered into a written contract whereby the appellee agreed to convey by good and sufficient warranty deed to appellant certain real estate in Eddy County, New Mexico. By the terms of the contract, appellant was to pay appellee, as consideration for the real estate, the sum of $3500.00, and appellee was to furnish to appellant an abstract of

title, showing fee simple title in appellee, with the exception of a certain mortgage in the sum of $1703.15, and interest thereon from the 28th day of October, 1907, at the rate of 10% per annum, and taxes for the last half of the year 1908, which sums were to be paid out of the purchase price or assumed by appellant. On the day of making and executing said contract, appellant paid to appellee the sum of $300.00, which sum, however, under the contract, was only required to be deposited in escrow. The amount of the mortgage, interest and taxes named in said written contract amounted to $2,225.00, which sum, together with the $300.00 paid to appellee, deducted from the stipulated purchase price of $3500.00, left remaining the sum of $925.00, for which sum appellee recovered judgment in the lower Court.

About two weeks after the signing of the written contract, and while said contract was in full force and effect, appellant requested appellee to have said mortgage foreclosed, stating to appellee, as his reasons therefor, that by means of the foreclosure, he, the appellant, could and would acquire a more perfect title, or a title that he would prefer to the said land, and appellant agreed orally with appellee and bound himself unto appellee, not only to carry out his contract of purchase for the land aforesaid, but further agreed that he, appellant, would purchase the land at the foreclosure sale, or would cause the same to be purchased for his use and benefit and would thereby protect appellee fully in the transaction, to the end that appellee would receive, and appellant would pay appellee the amount of the balance due under said written contract.

Pursuant to the understanding and agreement aforesaid, appellee requested the holder of said mortgage to foreclose the same, which was done, because of such request by the holder thereof, in September, 1908, and at the sale had thereunder, the land was purchased by appellant, through his attorney and agent, for the amount of the judgment, plus $7.94. At the sale there was one other bidder, the mortgagee, who bid the amount of the

judgment. Appellant entered into possession of the land, and still retains such possession.

From the evidence it appears that there was a judgment lien on said real estate, inferior, however, to the mortgage lien, and it was because of this lien, and in order to free the land therefrom, that appellant requested that the mortgage be foreclosed.

Appellant, upon the trial, disputed the above facts and denied the making of the parol agreement, but as the Court rendered judgment for appellee and found the issues in his favor, the above must be accepted as the facts in the case, for there was sufficient evidence to support appellee's theory of the case.

From judgment rendered, appellant prosecutes this appeal.

## OPINION OF THE COURT.

ROBERTS, C. J.—There are several assignments of error in this case by appellant, all presenting ,however, but one proposition worthy of consideration, which may be stated as follows:—Under the Statute of Frauds, which is in force in this State, "no action shall be brought upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them, or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized." Appellant here urges that a recovery in this case is precluded by the above provision of the statute, because the subsequent modification of the written contract was in parol, and was, therefore, not enforcible. If appellee was seeking to compel appellant to carry out the terms of the parol agreement to become a purchaser at the foreclosure sale, the Statutes of Frauds could probably be successfully invoked as a defense to the action. In this case, however, the contract was fully performed by appellee, and likewise, by appellant, except the

payment of the consideration. Appellee caused the mortgage to be foreclosed and the property to be sold as he agreed to do. Appellant purchased the property at the sale, and took possession of the same, which he still retains, all under parol contract.

**2** "The statute is no bar to an action for the price of land actually conveyed where the deed has been accepted or title has otherwise passed, although the grantor could not have been compelled to convey, or the grantor to accept a deed, because the contract was oral." 20 Cyc. 294, and case cited.

The case of Arnold v. Stephenson, 79 Ind. 126, was almost identical with the case at bar. There a judgment has been recovered against A and an execution levied upon his land. Prior to the sale under the execution, B agreed verbally with A to buy in the land at the sale and to pay off a mortgage upon the land and certain other charges and to pay to A the difference between the amounts so paid and the stipulated price of $6,000.00. B purchased the land at the sale, paid only a portion of the debts which he agreed to assume, and refused to pay A any further money under the agreement. B took possession under the sheriff's deed, and was in possession at the time of the institution of the suit. To a complaint reciting the above facts, a demurrer was interposed and sustained. Judge Elliott, speaking for the Court, says:—

"We think that in cases of the class to which the one under consideration and that cited belong, it should be held that, where the purchaser receives a sheriff's deed, and acquires full title and complete possession of the land, he cannot escape liability upon the ground that the statute of frauds prohibits the enforcement of verbal contracts for the sale of an interest in land. We accordingly hold that where the agreement is so far performed that the purchaser acquires a perfect title and full possession of the property, the vendor may recover the stipulated price. This is in accordance with the rule stated by Mr. Browne, 'when so much of a contract as would bring it within the Statute of Frauds has been executed, all the remaining

stipulations become valid and enforcible, and the parties to the contract regain all the rights of action they would have had at common law.' Browne Statute of Frauds, sec. 117. This rule secures justice. Appellee obtained a title by the sheriff's sale, and the most rigid adherence to the requirements of the statute could have given him nothing more. The execution of the contract is really none the less complete because the land passed by the sheriff's deed instead of by the conveyance of appellant. **1** Schenck v. Sithoff, 75 Ind. 485. Appellee has secured all he bargained for, and he ought to pay what he promised. It is so well settled, that the Statute of Frauds cannot be made the means of perpetrating a fraud, that authorities need not be cited. Appellee, under the facts, parted with a substantial interest in his property, upon the faith of appellant's promise. Appellant received all that he asked or required under the contract, for his promise and the statute cannot be interposed to enable him to receive the benefit without yielding the agreed consideration.

Finding no available error in the record, the judgment of the trial court is affirmed, and it is so ordered.

### SYLLABUS (BY THE COURT)

