## Randolph v. Lloyd Castle and Others.

### (Decided March 8, 1921.)

### Appeal from Johnson circuit Court.

1. Frauds, Statute of—Agreements Not to be Performed Within a Year.—A contract not in writing and which is not to be performed within a year is within the statute of frauds and unenforcible.

2. Master and Servant—Action to Recover for Time Lost.—To entitle one to recover for time lost while out of employment he must aver and prove that he made reasonable effort to find employment and to earn wages.

3. Frauds, Statute of—Part Performance Will Not Take Case Out of Statute.—Where one undertakes to mine and load coal for another for three years, but the contract is not in writing, and he performs some of the work and receives full compensation for the same according to the contract, the part performance does not take the case out of the statute of frauds if that which remains to be done is not capable of performance within one year. In such case the plaintiff cannot recover for the loss sustained by him if there was no resulting benefit to defendant.

HOWES & HOWES for appellant.

A. J. KIRK and F. P. BLAIR for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This appeal seeks the reversal of  a  judgment  for $800.00 in favor of Lloyd Castle, Ray Castle and J. C. McCoy, against H. H. Randolph operating under the firm name of Jenny Creek Black Coal Co.   The three plaintiffs are expert coal miners and were  engaged  by  the superintendent and foreman of Randolph to  mine  and load coal at his mines, at the price of $2.10 per ton, they to keep up the entry, drain the water, supply their own dynamite and do certain other specified things, the doing of which was necessary to the production of coal.

The original petition avers that on the  7th  day  of November, 1918, plaintiffs entered into a contract with defendant Randolph whereby the  defendant  undertook

and agreed to pay them $2.10 per ton for all coal mined and loaded by them into the shute at the mine, furnish each of them a house to live in free, do all the blacksmith work free, and give them three years' work at which he guaranteed plaintiffs a minimum of $15.00 each per day, and should the mine close down or for any reason fail to run and plaintiffs were out of employment they were each to be paid $15.00 per day for all such lost time; that the plaintiffs entered upon the performance of the contract, moved their families to defendant's mines at an expense of $190.50 and incurred other expenses. They worked twenty-one days during which time they averaged more than $15.00 each per day; that the mines then closed down without plaintiffs' fault and did not resume operation, and plaintiffs were left unemployed for a period of thirty days all of which time plaintiffs were ready, able and willing to perform their part of the contract by mining and loading coal; that they at the instance of the mine foreman did some miscellaneous work about the mine, and also shot loose and left 128 tons of coal in the mine. The prayer asked judgment against Randolph for the sum of $1,845.00. Three or four amendments were filed to the petition, to which a general demurrer was pending all the time. As the petition did not allege the contract to be in writing, the general demurrer was intended, in part, to raise the question of the right of plaintiffs to maintain the action to enforce the parol contract, which was not to be performed within one year. There was no sufficient averment that plaintiffs had used diligence to procure other employment during the time the mines were shut down. Later on an amendment was filed which in part cured these defects, and the demurrer was overruled by the trial court, giving the plaintiffs the benefit of the doubt.

The plaintiffs have a cause of action against Randolph, and can, as the contract was a joint one, maintain a single action for the relief of all, but this can not be bottomed in any measure upon the three year contract as averred in the original and first amended petition.

The evidence of Lloyd Castle who made the contract on behalf of plaintiffs makes it clear that the contract was for three years, and that no other agreement was made except the one for that period. It was, therefore, within the statute of frauds and the trial court should have so held as a matter of law. With this contract eliminated plaintiffs were entitled to recover, if at all, on the *quan-*

*tum meruit.* This necessitated plaintiffs showing the value of the services performed. As the mine foreman went away leaving instructions to plaintiffs to do certain work in and about the mine without any specific agreement as to the price to be paid for such work it devolved upon plaintiffs to prove its nature and reasonable value.

It is argued that as the contract was in part performed, the statute of frauds has no application. In so far as the contrct was performed by the plaintiffs mining and loading coal and the defendant paying for same, there was a complete adjustment and settlement, not under the three year contract but of the existing corresponding obligations, and all are bound thereby. But plaintiffs can have no recovery for lost time under the three year contract for defendant Randolph received no benefit or advantage from the loss of time which plaintiffs suffered. It is otherwise with respect to the doing of the work at the mines and loading of coal by plaintiffs, for the defendant did get the benefit thereof, and while not liable to plaintiffs on the three year contract, is liable to them on *quantum meruit,* and must pay the reasonable value of the services performed.

As the evidence proves that plaintiffs shot down and prepared a quantity of loose coal in the mine which was not placed by them in the shute because there was no room for the coal, the first instruction should have been modified so as to have submitted only the question of reasonable value of the labor performed by plaintiffs in the preparation of said loose coal in the mine without reference to the alleged contract price of $2.10 per ton, for that price was for coal placed in the shute and not for loose coal in the mine.

The second instruction given by the court should have been omitted because it is based upon the three year contract.

The third instruction should have been given with some modifications. If the plaintiffs at the instance of defendant's mine foreman remained at the mine, ready, willing and able to work, but were assigned no duties and thereby lost time, the defendant is liable to them for the reasonable value thereof, for if plaintiffs remained there at his request and on his assurance that they were to have employment and thus earn pay, and but for such request would have sought and obtained other remunerative employment, the loss must be borne by the defendant, the

one who caused it. This was the basis of their right of recovery for lost time, and should have been embraced in the instructions, omitting all other reference thereto.

Instructions 4, 5, 6, 7 and 8 are substantially correct.

The evidence as to time lost by plaintiffs should be confined to that which was lost while they were waiting, at the request of the mine foreman, to perform work, and plaintiffs must prove its reasonable value and can not rely upon the original contract price.

Judgment reversed.