[Civ. No. 3766.   First Appellate District, Division Two.—September 30, 1921.]

JOSEPH HERSPRING, Appellant, v. UNITED CAN-NERIES COMPANY OF CALIFORNIA (a Corporation), Respondent.

[1] PERSONAL SERVICES — CORRESPONDENCE — ACCOUNT NOT STATED. — In this action to recover moneys alleged to be due for personal services, the defendant's silence in failing to answer a letter of the plaintiff stating the amount of his claim and asking for a remittance did not constitute an admission as to the correctness of the amount, making it an account stated, in view of the fact that a few days previously defendant, in answer to a prior letter of the plaintiff asking for a check for the balance claimed, refused to make any further payment and claimed that defendant had been wronged.

[2] ID. — ORAL CONTRACT OF EMPLOYMENT — STATUTE OF FRAUDS. — An oral contract of employment for a term of ten years is invalid under subdivision 1 of section 1624 of the Civil Code.

APPEAL from a judgment of the Superior Court of Alameda County.   Everett J. Brown, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Peck, Bunker & Cole and Robert H. Schwab for Appellant.

Roscoe D. Jones, for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover moneys alleged to be due

and owing to him; the defendant answered and filed a cross-complaint which the plaintiff answered, and the judgment of the trial court was rendered in favor of the defendant and against the plaintiff on the issues made by the plaintiff's complaint, and in favor of the defendant and against the plaintiff on the issues made by the cross-complaint. From that judgment the plaintiff has appealed, bringing up the judgment-roll and a bill of exceptions.

On the seventeenth day of February, 1917, a contract in writing was made, which is as follows:

"We the undersigned, hereby authorize Mr. Jos. Herspring, of San Francisco, to secure for us signed contracts for peaches and apricots from growers and at such points as we may direct, under the following conditions: All contracts to be on blanks furnished by us, a copy to be given the grower and the original to be turned over to us. Prices to be such as we authorize from time to time as market conditions warrant. Specifications as we direct. When fruit is offered for delivery under these contracts at shipping points it shall be inspected by said Jos. Herspring and such fruit as conforms to contract specifications shall be accepted and weigh slip issued therefor by him. He shall also supervise the loading into cars in first-class workmanlike manner. He shall also superintend the distribution of empty boxes, taking growers receipts therefor on suitable blanks furnished by us. For faithful performance of the above obligations we agree to pay the said Jos. Herspring, at the end of the 1917 season when all deliveries have been made, the sum of one dollar and fifty cents ($1.50) for each ton of 2,000 pounds net fruit delivered on all such contracts secured by him, in full payment and satisfaction for his services.

"UNITED CANNERIES COMPANY OF CALIFORNIA,
"By A. C. HARVEY, Prest."

The parties entered upon the performance of the contract, and, during the same month in which the same was made the plaintiff, being out in the field engaged in negotiating contracts, called up the defendant on the telephone and said: "Mr. Harvey, I can get a lot of peaches up here on seven and ten year contracts; you only want me to buy now for one year. I can get these contracts." And as the plaintiff testified, Mr. Harvey replied: "All right, Herspring, go

ahead and take them.'' Thereafter, during 1917, the plaintiff proceeded to negotiate contracts and to perform the contract of employment in other respects. At the end of the year a settlement was had, and nothing is claimed in this case as for the year 1917. During the following season certain services were rendered and an accounting was attempted, but no settlement was agreed upon. [1] On December 6, 1918, the plaintiff wrote to the defendant asking for a check for a balance claimed. On December 11, 1918, the defendant wrote the plaintiff a long letter full of acerbity, and refused to make any further remittance, claiming that the defendant had been wronged. On December 16, 1918, the plaintiff wrote to the defendant stating the amount of his claim and again asking for a further remittance. This action was commenced January 28, 1919. On these facts the plaintiff claims, among other things, that an account was stated; however, we think that the facts show a decided disagreement as to the account instead of showing an agreement as to an account. Owing to the very heated language used in the letter of the defendant under date of December 6th, it is clear that the defendant was not called upon to answer the letter written later by the plaintiff. Such silence, on his part, under such circumstances, was not an admission as to the correctness of the later letter. The trial court found against the plaintiff on this issue, and this court is not at liberty to disturb that finding.

We understand the plaintiff to claim that the oral conversation quoted above prolonged the term of the hiring of the plaintiff through the year 1918. Assuming, solely for the purpose of stating the point, that such was the fact, then it became the duty of the plaintiff during the year 1918 to perform the written contract in all its terms, for none of them had been eliminated, according to the plaintiff's own wording of the oral conversation; but the proof introduced was all to the effect that during the year 1918 the plaintiff did not inspect before shipping but a very small portion of the fruit offered for shipping. The same remark applies to the supervision of the loading into cars and also to the superintending of the distribution of empty boxes. If, therefore, the oral conversation be treated as extending the terms of the contract, it is patent that the plaintiff may

not recover because he did not perform those things provided in the contract for him to do and perform.

However, the plaintiff does not rely solely on the oral conversation above mentioned, but he relies also on another conversation. In June, 1918, Mr. Harvey, the president of the defendant corporation, went to Sacramento and had a conversation with the plaintiff. That conversation had a double aspect. In one aspect it was with regard to the interests of the growers, and that subject matter is not at all involved in this case. In another aspect it involved the relations of the plaintiff and the defendant. The plaintiff testified that he said to Mr. Harvey: "I do not want to go on with you any further unless our business relations are going to be smoother. Now, I expect you to pay me for the life of my contract. . . . How about it?" and he said, "That is all right, Herspring, you go ahead and everything will go smooth with us this year." The plaintiff further testified: "He [meaning Mr. Harvey] came back and said, 'I want you to go out and see if you can buy me 400 tons of free peaches,—I want some Lovells and Muirs.'" At this point it may be stated that the peaches were purchased and paid for, and this action does not involve that element. Looking at the other portions of the oral conversation, the utmost that can be said is that it continued the employment of 1917, according to the terms of the above writing, through the year 1918, without any other alteration. So treating it, the plaintiff was not entitled to recover for the same reasons stated above with reference to the conversation which occurred in February, 1917. Furthermore, if we run together and combine the conversation of February, 1917, with the conversation of June, 1918, we reach the same conclusion.

[2] But the plaintiff's cause of action has yet another theory. He contends that the oral understanding between himself and the defendant as above recited had the legal effect to continue him in the employment of the defendant year after year—to obtain compensation for services rendered by him. In other words, the plaintiff's contention is that he was employed orally for the term extending from 1917 to a date ten years thereafter, namely, the term corresponding with the term of years existing between the producer and the canner. If such was the contract it vio-

lated section 1624, subdivision 1, of the Civil Code. Again, the language used in the oral contract will not sustain such a broad claim. And, even though the language used by the parties would sustain such a claim, still the plaintiff may not recover, for, as shown above, he has not performed the contract on his part.

Before dismissing this portion of the case it may be said that the plaintiff contends that those portions of the contract which the plaintiff did not perform were waived by the defendant. The evidence does not sustain the plaintiff in that position. It does not appear that plaintiff's nonperformance was known to the defendant until the action was commenced.

From what has been said above, it follows that the plaintiff was not entitled to make any charge against the defendant for fruit purchased in 1917, but received out of the crop of 1918. Passing to the fruit which was purchased in 1918 and delivered in that year, the plaintiff was entitled to receive $1,099.53. The parties did not seriously disagree as to this item. The whole of that sum has been paid. Indeed, the defendant paid to the plaintiff $2,000, which included $900.47 more than the plaintiff was entitled to. For that item the trial court gave judgment in favor of the defendant and against the plaintiff, and in so doing it committed no error.

The plaintiff sought to be reimbursed for expenditures for telephone service. Such payments were not made "at the special instance and request of the defendant." If claimed as on an account stated, the same was neither pleaded nor proved.

Much of the time of the trial court was taken up with the introduction of evidence concerning the item of damage alleged to have accrued in favor of the defendant by reason of the failure of the plaintiff to properly perform his contract. That damage was estimated by the trial court in the sum of $401.38; but no judgment was rendered against the plaintiff on that item. The defendant has not appealed. It is not necessary, therefore, for us to dwell on that subject.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.