[Civ. No. 87. Fourth Appellate District.—January 29, 1930.]

C. KRAFT, Respondent, v. B. G. ROOKE, Appellant.

C. W. Braswell for Appellant.

John Preston King for Respondent.

SLOANE, P. J.—Plaintiff brought this action to recover the stipulated amount of his services upon an alleged contract of employment which he claims was terminated without cause. The evidence discloses and the trial court found "That on December 24, 1924, defendant and plaintiff entered into a contract, whereby defendant employed plaintiff to work for defendant at defendant's packing house in Lindsay, California, for a period of one year; said employment to commence on January 1st, 1925, and end on December 31, 1925, said defendant to pay plaintiff for his services the sum of $250.00 per month." And that by said contract defendant further agreed "to pay plaintiff at the end of said year of employment a bonus of $50.00 per month on condition that plaintiff keep straight and fulfil his contract. That by 'keeping straight' was meant by the parties that plaintiff refrain from the use of intoxicating liquor."

It further appears from the findings, sufficiently supported by the evidence, that said plaintiff entered upon the performance of said contract of employment on the first day of January, 1925, and continued to perform said contract until defendant on the tenth day of July, 1925, discharged plaintiff from said employment. The court further finds, and though the evidence is conflicting, the findings are sufficiently supported by the evidence, that there was no substantial breach of the agreement by the plaintiff, although he did not strictly keep his agreement not to indulge in intoxicating liquors; and that in any event defendant waived any delinquencies of plaintiff in performance of his duties, and finally discharged him because of certain changes in business plans; and that plaintiff was ready, able and willing to carry out the terms of the agreement, and that his discharge was without sufficient justification.

The court rendered judgment for the plaintiff in the sum of $701, together with costs and disbursements amounting to $34.50. An appeal from the judgment was taken to the

Supreme Court and afterward transferred to this court for decision. The defendant in answer pleaded that the discharge of plaintiff was for sufficient cause to defeat plaintiff's claim, and that there was an accord and satisfaction between the parties. As we have stated, the evidence on these points was in substantial conflict and the findings of the trial court will have to be sustained.

The answer, however, sets up the further defense that the agreement of employment in question was entirely oral, and not supported by any contract or memorandum in writing, and comes within the provisions of section 1973 of the Code of Civil Procedure, subdivision 1, which provides that an agreement that by its terms is not to be performed within a year from the making thereof, is invalid unless the same, or some note or memorandum thereof be in writing and subscribed by the party charged, or by his agents. That the agreement herein relied upon was entirely a verbal agreement, and was entered into on the twenty-fourth day of December, 1924, is not disputed, and by its terms the period of service was to begin on the first day of January, 1925, and to continue to December 31, 1925, covering a period of more than one year from the date of the agreement.

We are entirely without the aid of respondent in solving the question as to whether or not evidence in support of this alleged contract is barred by section 1973 of the Code of Civil Procedure, respondent's counsel having declined to file a brief on appeal and stipulated to the submission of the case without oral argument. This failure is explained by counsel for respondent on the ground that his client refused to pay for printing the brief on appeal.

We have, however, examined the authorities on the point involved, and are satisfied that the objection as to the sufficiency of the oral contract to support the judgment, is well taken.

It is clear that this agreement of employment is one which was not to be consummated within a year from the date thereof, and although the excess period only covers a few days, it is not within the province of the courts to extend the limitations of the statute.

While the language quoted from an opinion of Lord Ellenborough that "if we were to hold that a case which extended

one minute beyond the time pointed out by the statute did not fall within its prohibition, I do not see where we should stop, for in point of reason an excess of twenty years will equally not be within the act,'' may be somewhat extreme, certainly a lapse of several days is a sufficiently obvious extension of the time of performance to bring the case within the statute.

The rule is laid down in 25 Ruling Case Law, page 477, as follows: ''It has been held in this country, in at least one jurisdiction, that where the period of service is to commence on the day following the making of a contract, though the period is for a year, the contract is not within the statute.'' Citing *Dickson* v. *Frisbee,* 52 Ala. 165 [23 Am. Rep. 565]. And the same rule has been laid down in a recent English case, citing 17 English Ruling Cases, 182. Other cases, however, take the view that a contract for a year's service, the period of service to commence on the day following the making of a contract, is within the statute. (*Chase* v. *Hickey,* 126 Wis. 75 [110 Am. St. Rep. 896, 5 Ann. Cas. 328, 2 L. R. A. (N. S.) 738, 105 N. W. 230].)

On the other hand, though the period of service is only for a year, still if the period is to commence *in futuro* and not on the day following the inception of the contract, it is held that the contract is within the statute. (25 R. C. L., p. 477; *Diamond* v. *Jacquith,* 14 Ariz. 119 [L. R. A. 1916D, 880, 125 Pac. 712]; *Gulfport Cotton Oil etc. Mfg. Co.* v. *Reneau,* 94 Miss. 904 [136 Am. St. Rep. 607, 48 South. 292].)

Neither can this be said to be a transaction that comes within the equitable rule which sometimes makes a part performance a bar to pleading the statute of frauds, where there are elements of fraud involved. There is no evidence or claim of any fraud or unfairness in this employment to estop either party from taking advantage of the statute of frauds. As is said in *Seymour* v. *Oelrichs,* 156 Cal. 782, 793 [134 Am. St. Rep. 154, 106 Pac. 88, 93]:

''The claim of plaintiff is not that mere part performance of a contract for personal services which by its terms is not to be performed within a year, 'invalid' under our statute because not evidenced by writing, renders the same valid and enforceable. Such a claim would, of course, find no support in the authorities. (5 Browne on Statute of

Frauds, sec. 448.) He necessarily is compelled to rely solely on the claim that the defendants by their conduct and promises on which he was entitled to and did rely, having induced him to give up his life position in the police department in order to enter their employ for a term of years at $300 a month on the assurance from them that they would give him a written contract for such time and amount, and it being impossible for him to be placed *in status quo* are estopped from now setting up the statute of frauds as a defense to his action on the contract. Under this claim, the fact of part performance by plaintiff plays no part whatever. It was the change of position caused by his resignation from the police department, upon which his claim wholly rests, and this resignation was of course, no part of the performance of the contract of service, but was something that must be done by plaintiff before he could begin to perform, as was known to the defendants. . . . The right of courts of equity to hold a person estopped to assert the statute of frauds, where such assertion would amount to practicing a fraud, cannot be disputed. . . . It was said in *Glass* v. *Hulbert,* 102 Mass. 24 [3 Am. Rep. 418] : 'The fraud most commonly treated as taking an agreement out of the statute of frauds, is that which consists in setting up the statute against its enforcement after the other party has been induced to make expenditures, or a change of situation in regard to the subject matter of the agreement, or upon the supposition that it was to be carried into execution and the assumption of rights thereby to be acquired, so that the refusal to complete the execution of the agreement is not merely a denial of rights which it was intended to confer, but the infliction of an unjust and unconscientious injury and loss. In such case the party is held by force of his acts or silent acquiescence, which have misled the other to his harm, to be estopped from setting up the statute of frauds.' This statement has been accepted as setting forth a plain and satisfactory ground for equitable jurisdiction, together with a clear indication of the proper limitation of its exercise."

In *Long* v. *Long,* 162 Cal. 428 [122 Pac. 1077, 1078], dealing with a contract not to be performed within a year, the court says:

"The principal point made by the respondents in favor of the judgment is that the oral contract was partly performed, and that in consequence thereof, it was taken out of the statute of frauds. This contention cannot be maintained. The case in this particular is not distinguished from the case of *Seymour* v. *Oelrichs*, 156 Cal. 793. In that case the effect of an oral contract between Seymour and the defendants, whereby they agreed to employ him for a period of ten years and to put the contract in writing, was considered. Seymour had commenced the employment, and had served a number of months thereunder, for which he had received the stipulated compensation. The court declared that such part performance was not sufficient to make a case in equity for the enforcement of a contract of that character. This is the general rule laid down in all the authorities."

This statement of the rule in California is recognized in *Standing* v. *Morosco*, 43 Cal. App. 244 [184 Pac. 954]. (*Edgar Bros. Co.* v. *Schmeiser Mfg. Co.*, 33 Cal. App. 667 [166 Pac. 366]; *Herspring* v. *United Canneries Co.*, 54 Cal. App. 402 [201 Pac. 966].)

Under the statute of frauds, the plaintiff could only enforce his contract by virtue of the oral agreement as an employment from month to month, and therefore cannot rely upon terms of the agreement not in writing as a basis for recovering the value of his services beyond the date of his discharge.

The judgment of the trial court is reversed.

Barnard, J., and Marks, J., concurred.