## THE UNIVERSAL COMPANY v. REEL MOP CORPORATION.[1]

May 22, 1942.

No. 33,011.

[1]Reported in 4 N. W. (2d) 86.

474

A. H. Markert and Charles A. Lethert, for appellant.
O. A. Brecke and E. T. Chesnut, for respondent.

LORING, JUSTICE.

Action for an accounting and damages for breach of an express contract. Plaintiff was denied recovery below and appeals from an order denying its motion for a new trial.

In October 1938 the G. N. Burg Company, alleged to have been engaged in sales promotion, and the defendant, Reel Mop Corporation, a manufacturing company, entered into a contract providing that the Burg company was to have the exclusive right to sell defendant's products and that it inaugurate a sales program; that defendant could continue to sell directly to its customers until December 31, 1938, during which time plaintiff was to set up a sales program and sales force; that plaintiff was to have credit for all sales after March 1, 1939, and was to purchase within one year thereafter at least $40,000 worth of defendant's products and $4,000 additional each succeeding year; that if plaintiff failed to purchase the agreed amount in any one year the contract was to be automatically cancelled; that plaintiff was to pay for all merchandise it purchased within 30 days after shipment; that defendant was to pay plaintiff its commissions by the tenth of the month for shipments made the preceding month; that after January 1, 1939, plaintiff was to report to defendant the number of calls made on customers the previous week, if possible; that de-

fendant could cancel the contract by 60 days' written notice if plaintiff failed to make 30 calls on prospective customers in January and 60 in February 1939; and that the contract was to be in effect five years, with the right in plaintiff to renew it for five or ten more years.

February 10, 1939, the Burg company assigned the contract to G. N. Burg personally, who in turn assigned it to plaintiff on February 20, 1939. Burg was an officer of both companies and appears to have been in control during all the time here involved. The assignments of the contract do not affect the outcome of this appeal, so for convenience we shall assume that plaintiff was the original party to the contract.

On May 12, 1939, defendant notified plaintiff that it was cancelling the contract in 30 days and from that time on treated the contract as a nullity. Plaintiff brought this action on the contract for damages for breach by defendant. Plaintiff also asked for an accounting to determine the amount of sales made by defendant on which plaintiff claimed the right to commissions. The complaint generally alleged performance by plaintiff of its part of the contract and defendant's failure to perform.

Defendant alleged in its answer that prior to October 1938 plaintiff had falsely represented itself as an established sales organization ready to take over defendant's line of merchandise and that plaintiff had failed to substantially perform its obligations under the contract.

The case was tried before a jury, and at the close of plaintiff's case the court directed a verdict for defendant as to plaintiff's right to recover on the contract and reserved the issue as to whether plaintiff was entitled to anything for its services. The court subsequently made findings of fact and conclusions of law to the effect that plaintiff had failed substantially to perform its obligations and that the services it had performed were of no value to defendant. Judgment was ordered for defendant. Plaintiff's motion for a new trial on the ground that the findings, con-

476

clusions, and order for judgment were not justified by the evidence and were contrary to law was denied.

Plaintiff cannot challenge on this appeal the directed verdict or the removal from the jury of the issue of the value of its services, because neither was designated as error for which plaintiff sought a new trial below.

Nor is plaintiff in a position to complain of the court's finding that its services were valueless. This action was for breach of an express contract. Plaintiff sought damages caused by defendant's failure to perform, not the value of the services plaintiff performed. No *quantum meruit* count can be spelled out of the complaint, nor did defendant consent to the litigation of that issue. Therefore plaintiff is not entitled to recover anything for services rendered on that theory.

Mason St. 1927, § 9273, required plaintiff to prove facts showing performance of all conditions precedent. The findings clearly show that the trial court applied the test of substantial performance, that is, that plaintiff, in order to recover, was required to prove that it had substantially performed its part of the contract. Plaintiff does not argue in its brief that the law as applied by the court was faulty, but contends only that the finding that it had not substantially performed was not justified by the evidence.[2]

The effective term of the contract was divided into three periods. First, the time from date to December 31, 1938, for plaintiff's preparation to perform; second, the period from January 1, 1939, to March 1, 1939, during which by implication both parties could sell and defendant was not required to credit plaintiff with sales made by it; and third, from March 1, 1939, when plaintiff was to have credit for sales made by defendant.

In attempting to prove substantial performance, plaintiff succeeded only in showing that it had sold $406.52 worth of goods on

[2]The record is confusing in that this issue seems to have been covered both by the directed verdict and the findings. However, as the propriety of the directed verdict is not raised, we shall treat the finding as the controlling ruling of the trial court in order to decide the case on its merits.

which it had paid only $191.48. It kept no books, but relied on defendant's books and officers for proof. While the contract was one to purchase $40,000 worth of goods per annum, it also provided for "commissions" on goods sold by defendant after March 1, 1939. We assume that such commissions were the difference between the prices fixed by a supplementary contract with plaintiff and those received by defendant. No other construction can be spelled out of the contract. However, it is obvious that the parties contemplated an energetic sales campaign by plaintiff after December 31, 1938. Plaintiff was to have the two months prior thereto to set up its sales program and force. Plaintiff thereafter, if it was to substantially perform its part of the contract, could not sit idly by or merely set up an ineffective organization and wait for defendant to sell to its old customers and let plaintiff reap commissions as its reward for idleness. That is what it has attempted to do. Having obtained exclusive sales rights, it was bound to set up an organization capable of attaining the objective of $40,000 a year. How far it failed is amply demonstrated by its futile efforts during the months it assumed to be operating. Its evidence and that of its alleged salesmen was so vague and lacking in persuasive force that the trial court was amply justified in finding that it had not substantially performed the obligations of its contract. A holding to the contrary could not have been sustained. Having broken the contract, plaintiff is not in a position to invoke its terms in seeking recovery from defendant.

Sykes v. City of St. Cloud, 60 Minn. 442, 62 N. W. 613, cited by plaintiff, must be distinguished from the case at bar, for there the defendant waived plaintiff's failure to substantially perform and continued to accept benefits after knowledge of the breach.

Order affirmed.

MR. JUSTICE STONE, absent because of illness, took no part in the consideration or decision of this case.