237 P.2d 356

## WESTERMAN v. CITY OF CARLSBAD.
### No. 5436.

Supreme Court of New Mexico.
Nov. 10, 1951.

Caswell S. Neal, Caswell F. Neal and Foster Windham, all of Carlsbad, for appellant.

S. Morton Rutherford III, Carlsbad, for appellee.

COMPTON, Justice.

Appellant, C. C. Westerman, sought to recover damages from appellee, City of Carlsbad, a municipal corporation, for a breach of an oral contract wherein appellee employed appellant as construction foreman for the Carlsbad Water Department for a minimum term of two years. Upon motion, the trial court dismissed the complaint, in which the following was charged as grounds for the recovery of damages:

1. Plaintiff is a citizen and resident of Eddy County, New Mexico, and defendant City of Carlsbad is a municipal corporation, and at all times material hereto was engaged as a municipality in the ownership and operation of a water supply system in the City of Carlsbad, furnishing the municipality with water, which Carlsbad City Water Department was at all times material hereto, under the control and management of a board of Water Commissioners, acting for and in behalf of the City.

2. On or about July 1, 1949, the plaintiff herein was duly employed by the city as construction foreman for the Carlsbad Water Department, and under the terms of the oral contract entered into with the City by and through the chairman of the City Water Board, namely: Hugh Hall, prior to the acceptance of said position, it was represented to the plaintiff that his period of employment in such capacity would begin in August 1949 and it was represented that a minimum of two years' work would be furnished to plaintiff upon the basis of the agreement had. It was agreed that the City would pay to the plaintiff the sum of Five Hundred ($500.00) Dollars per month salary and in addition thereto, either the transportation cost of the plaintiff to and from his home in Artesia daily, or should plaintiff decide to move to Carlsbad, his room and board would be paid in lieu of transportation costs.

3. Relying upon the terms of said employment, plaintiff began working for the defendant in the capacity as City Water Works foreman on August 18, 1949, and electing not to move to Carlsbad, but to travel back and forth between Carlsbad and Artesia, a distance of 72 miles daily, at seven (7¢) cents per mile, which was the agreed compensation to be paid for transportation in the event plaintiff elected not to come to Carlsbad.

4. Plaintiff continued to work for defendant under said agreement until on or about November 16, 1950 at which time he was advised by the defendant his services were no longer required and without further cause, subsequently discharged.

5. Defendant paid plaintiff his salary of $500 per month from the date of his employment August 18, 1949 until the date of his discharge, but has wholly failed, neglected and refused to pay plaintiff his transportation cost during the period of his employment, and there is now due to the plaintiff from the defendant in such transportation costs and mileage, at 7¢ per mile, the sum of Fifteen Hundred Eighty-Seven Dollars and Sixty Cents ($1587.60).

6. In addition thereto, plaintiff has been unable to secure employment since his release November 16, 1950, and under the terms of his agreement with the city to have a minimum of two years employment, plain-

tiff is entitled to recover from the city, he being at all times ready, willing and able to perform the services required of said plaintiff by the city, the sum of Five Hundred ($500.00) Dollars per month, from November 18, 1950, to and including August 18, 1951, a period of nine (9) months at the rate of $500.00 per month, or a total sum of Forty-Five Hundred ($4500.00) Dollars.

6½. (Supplement to Complaint) That the plaintiff, at the time he accepted employment under the contract aforesaid, was elsewhere employed, and gave up such employment to work for defendant, upon reliance of the agreement that he would receive a minimum of two years work, and upon reliance that for all work performed he would receive, in addition to the monthly salary set forth above, the travel time allowance. That the travel time sought to be recovered herein represents travel time for a period when both plaintiff and defendant were fully performing the employment contract, and when during such time it was represented to plaintiff the accruing travel time would be paid when funds were available to pay the same. That having partially performed the contract, defendant is now estopped in law or in equity from denying the same or the validity of the contract sued upon.

7. That demand has been made upon the defendant for the payment of the sum due plaintiff and the defendant has failed and neglected to pay the same.

8. By reason of the foregoing, plaintiff is entitled to recover from the defendant the sum of Fifteen Hundred Eighty-Seven Dollars and Sixty Cents ($1587.60) transportation allowance as herein set out, and the sum of Forty-Five Hundred ($4500) Dollars salary, or a total sum of Six Thousand Eighty-Seven Dollars and Sixty Cents ($6,087.60).

Wherefore, plaintiff prays judgment against the defendant for the sum of $6,087.60 and for his costs herein expended and such other and further relief as the Court may find plaintiff justly entitled to.

The trial court was of the opinion that the contract was void in that it was within the statute of frauds, and that it necessarily followed that no recovery of damages was authorized. Whether the trial court erred in dismissing the complaint upon the grounds stated is the question to be answered.

Section 4, of the English statute of frauds, reads: "No action shall be brought * * * upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."

It is apparent that the complaint pleads an oral contract for personal services which could not be performed within one year. And from the very language of the statute it is also apparent that an action cannot be brought upon such a contract. Childers v. Talbott, 4 N.M. 336, 16 P. 275; Harris v. Hardwick, 18 N.M. 303, 137 P. 581; Transradio Press Service v. Whitmore, 47 N.M. 95, 137 P.2d 309; Hendry v. Bird, 135 Wash. 174, 237 P. 317, 240 P. 565; Pettigrove v. Corvallis Lumber Mfg. Co., 143 Or. 33, 21 P.2d 198; Towsley v. Moore, 30 Ohio St. 184, 185, 27 Am.Rep. 434, L.R.A.1916D, 891; Randolph v. Castle, 190 Ky. 776, 228 S.W. 418.

The next question is whether part performance of an oral contract of this sort removes it from the force of the statute. It is appellant's contention that the statute of frauds has no application since a portion of the contract was performed.

At 49 Am.Jur., "Statute of Frauds", the author states the rule as follows:

"497. Agreement Not to Be Performed within a Year. As a general principle, the equitable doctrine of part performance is not applicable to a contract which is within the statute of frauds as one not to be performed within a year. The mere part performance of such a contract does not take it out of the operation of the statute or permit a recovery under the contract for any part of the contract remaining executory. In support of the general rule, it is said that to hold that part performance is performance would be a nullification of the statute. * * *"

"539. For Damages for Breach. It is a general principle that an invalid or unenforceable contract forms no basis for an action for damages occasioned by the breach of any obligation attempted to be imposed thereby. An oral contract, even though merely invalid or unenforceable under the statute of frauds, and not void, will not sustain an action for damages for breach of contract if the defendant asserts the statute as a defense. The statute is a complete defense to an action by either party for damages for a breach of the contract. Such an action is an action upon the contract within the prohibition of the statute of frauds of the bringing of an action upon certain contracts unless the promise or agreement upon which such action shall be brought is in writing. It is in effect one for the enforcement of the contract, and for the courts to allow its maintenance would in effect countenance an evasion of the statute."

The cases sustain the rule without exception. We cite but a few. Universal Co. v. Reel Mop Corporation, 212 Minn. 473, 4 N.W.2d 86; Nuebling v. Borough of Topton, 323 Pa. 154, 185 A. 725; Cole v. Armour, 154 Mo. 333, 55 S.W. 476; Brown v. Wrightsman, 175 Okl. 189, 51 P.2d 761;

Smith v. Chase & Baker Piano Mfg. Co., 175 Mich. 371, 141 N.W. 563; Heine v. First Trust Co. of Wichita, 141 Kan. 370, 41 P.2d 767.

The annotator, at L.R.A.1916D, page 886, treats the subject in this manner: "The rule that part performance will prevent the operation of the statute so far as performance has gone, can, by the nature of things, have no application to actions for the breach of contract. In such actions recovery is based not upon what has been done under the contract, but upon the loss accruing from what has not been done. Therefore, even in jurisdictions which have adopted that rule, there can be found no ground upon which to base a right of recovery for the breach of contract not to be performed within a year. It may consequently be stated as a rule without exception that the part performance of services under a parol contract not to be performed within a year does not remove the contract from the operation of the statute of frauds, so that an action may be maintained for its breach, either by the master or servant. * * *"

For a well reasoned opinion sustaining our conclusion on facts quite similar to those here present, followed by an exhaustive annotation of the whole subject, see Chevalier v. Lane's, Inc., 147 Tex. 106, 213 S.W.2d 530, 6 A.L.R.2d 1045, 1053.

▉ Appellant further argues that even if the contract cannot be enforced, he should recover on quantum meruit. It is clear from a reading of the complaint, however, that the action is upon contract, not one upon quantum meruit or the common counts. If the action had been one for the reasonable value of services actually rendered, authorities are abundant sustaining the right of action. Wonsettler v. Lee, 40 Kan. 367, 19 P. 862; Frazer v. Howe, 106 Ill. 563; William Butcher Steel Works v. Atkinson, 68 Ill. 421, 18 Am.Rep. 560; Cadman v. Markle, 76 Mich. 448, 43 N.W. 315, 5 L.R.A. 707; Heine v. First Trust Co. of Wichita, supra.

The further contention is made that appellee is estopped from asserting the statute of frauds. What has been said previously disposes of this contention. However, the rule in regard to equitable estoppel is stated at 19 Am.Jur., "Estoppel", Section 42, in the following language: "The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of

knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially."

■ Aside from our previous conclusions, appellant cannot avail himself of the doctrine. Nowhere does the complaint charge the essentials of equitable estoppel. Chambers v. Bessent, 17 N.M. 487, 134 P. 237; Standing v. Morosco, 43 Cal.App. 244, 184 P. 954; Kraft v. Rooke, 103 Cal.App. 552, 284 P. 935; St. Louis Trading Co. v. Barr, 168 Okl. 184, 32 P.2d 293; Purcell v. Campbell, 261 Ky. 644, 88 S.W.2d 670.

Finding no error, the judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER and Mc-GHEE, JJ., concur.

COORS, J., not participating.