367 P.2d 579

**Joe ALLEN, Plaintiff-Appellant,**

**v.**

**Rex MOYLE, Defendant-Respondent.**

No. 9028.

Supreme Court of Idaho.

Dec. 26, 1961.

Harold Ranquist, Boise, for respondent.

Earl E. Reed, Nampa, D. L. Carter, Weiser, for appellant.

**20**

KNUDSON, Justice.

Appellant, Joe Allen, commenced this action against respondent, Rex Moyle, alleging two separate causes of action.

As a first cause of action appellant alleges:

"I.

"That on or about the 27th day of August, 1959, the defendant entered into an oral agreement of employment with the plaintiff, which said agreement was to be reduced to writing and signed by the parties, that plaintiff entered upon performance of said contract agreement and continued to perform the same until December 11, 1959, at which time the defendant prevented the continuation of said employment by causing the said plaintiff to be arrested and confined in jail in Washington County, Idaho.

"II.

"That said contract of employment was to continue for a period of seven years from December 1, 1959. That plaintiff was to operate and manage certain owned and leased properties of the defendant in Washington County, Idaho, and receive as compensation therefore the sum of $250.00 per month with the right to feet up to 100 head of cattle of the plaintiff's upon the property in Washington County, Idaho, together with such feed as grown upon the property for the feeding of the plaintiff's permissive cattle.

"III.

"That said agreement was not reduced to writing by the defendant in spite of repeated requests of plaintiff for the defendant to do so."

Appellant further alleges that said agreement has been partially performed by him and that he has been damaged in the sum of $5000.00 by reason of respondent's failure to perform.

Appellant also alleges that at the commencement of this action respondent was indebted to him in the amount of $110.00 for labor performed; $100.00 as costs and expenses of moving from Canyon County to Washington County and $120.00 as rental

value of residence furnished appellant under terms of employment.

For a second cause of action, appellant alleges:

"I.

"That on or about the 11th day of December, 1959, the plaintiff while in the employ of the defendant in Washington County, Idaho, and engaged in the business of the defendant, was arrested by the Sheriff of Washington County, Idaho, upon a complaint issued and made by the defendant herein.

"II.

"That the plaintiff was taken into custody by Sheriff and a written complaint was sworn out by the defendant against the plaintiff herein by the defendant charging the plaintiff with a felony offense.

"III.

"That the plaintiff was held in confinement in the Washington County jail from December 11, 1959, until December 15, 1959, when the plaintiff was released from said confinement after the preliminary hearing showing that no offense had been committed by the plaintiff."

Appellant further alleges that the arrest and confinement was without justification, cause or reason; that he has been damaged, injured and hurt by the malicious and false arrest and confinement caused by respondent in the sum of $25,000.00.

Written interrogatories were served upon and answered by appellant. The deposition of Frank H. Joseph, an attorney-at-law, residing in Weiser, was regularly taken pursuant to Rule 30, I.R.C.P. and the affidavit of respondent was regularly filed. Thereafter respondent moved to dismiss each cause of action upon the ground that it does not state a cause of action upon which relief can be granted. Pursuant to stipulation the motion to dismiss was presented and treated as a motion for summary judgment. A summary judgment was thereafter rendered in favor of respondent on all claims of relief except (1) the issue of whether appellant is entitled to wages as alleged and (2) the issue of whether appellant is entitled to recover any moving expenses. This appeal is taken from the order of said summary judgment.

■ Appellant assigns error to the entry of the summary judgment claiming that the matter was not properly before the court. This assignment is only superficially argued by appellant. The record discloses that under date of October 3rd counsel for the respective parties agreed, in open court, to treat the motion to dismiss as a motion for summary judgment. At the time said motion was heard by the court the following mentioned papers had been filed in addition to the pleadings involved, to-wit:

(1) interrogatories (53 in number) had been served upon and answered by appellant;

(2) affidavit of respondent wherein it is stated that respondent relied upon the advice of his attorney (Frank H. Joseph) in signing the criminal complaint against appellant, after giving his said attorney a full and fair disclosure of the facts;

(3) deposition of Frank H. Joseph, an attorney-at-law (taken under direct and cross-examination);

(4) affidavit of appellant in support of both alleged causes of action;

(5) transcript of the testimony and proceedings had before the probate court during the preliminary hearing of the criminal action filed by respondent against appellant.

The trial court certified that said records, papers and files in addition to the pleadings were used by him on the hearing of said motion. The procedure here followed is authorized under Rules 12(b) and 56, I.R.C.P. and having stipulated that the motion be treated as for summary judgment, appellant's said contention is without merit.

Error is assigned to the action of the court in granting a summary judgment in favor of respondent regarding the alleged oral contract as stated in appellant's first cause of action. Not only is it alleged in the complaint that the oral contract of employment "was to continue for a period of 7 years from December 1, 1959", it is likewise stated in appellant's affidavit of October 28, 1960 in opposition to the motion to dismiss.

I.C. § 9–505 provides:

"In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence therefore, of the agreement can not be received without the writing or secondary evidence of its contents:

"1. An agreement that by its terms is not to be performed within a year from the making thereof. * * *"

The alleged contract here involved is not by its terms to be performed within a year of the making thereof and is clearly invalid. However appellant contends that the contract is taken out of the statute of frauds by reason of part performance by appellant.

The date of entering upon the performance of the contract is not clearly stated in the complaint although it is stated in appellant's affidavit that from October 24, 1959, until appellant's arrest on December 11, 1959, he was working under the alleged agreement. However, since for the purpose of considering the motion involved, the complaint should be construed most favorably to appellant, it will be here considered that appellant entered upon the performance of the alleged contract on Au-

gust 28, 1959, and continued to perform until December 11, 1959. It is also alleged, as part performance, that on October 24, 1959, appellant moved his family from Canyon County to Washington County.

The alleged contract concerned the employment of appellant to manage and operate certain properties of respondent; it did not involve real estate, nor was there any claim of fraud. The rule is firmly established by the great weight of authority that a contract for personal services which by its terms are to be rendered for a period in excess of one year is within the meaning of the statutory provision requiring contracts not to be performed within a year to be in writing. 49 Am.Jur. 410, § 52; Tostevin v. Douglas, 160 Cal.App.2d 321, 325 P.2d 130; Newbanks v. Ash Grove Lime & Portland Cement Co., 127 Kan. 89, 272 P. 112; Seymour v. Oelrichs, 156 Cal. 782, 106 P. 88. The general rule as to whether the equitable doctrine of part performance is applicable to such contracts is stated in 49 Am.Jur. 798, § 497, as follows:

"As a general principle, the equitable doctrine of part performance is not applicable to a contract which is within the statute of frauds as one not to be performed within a year. The mere part performance of such a contract does not take it out of the operation of the statute or permit a recovery under the contract for any part of the contract remaining executory. In support of the general rule, it is said that to hold that part performance is performance would be a nullification of the statute. Thus, in case of an agreement for service for a year to commence in futuro, an entry on the employment, with the acquiescence of the employer, but without a new contract, does not take the case out of the statute."

Under said first cause of action appellant sought damages in an action at law which makes it clear that the equitable doctrine of part performance is without application. Evans v. Mason, 82 Ariz. 40, 308 P 2d 245, 65 A.L.R.2d 936; Dicks v. Clarence L. Boyd Co., 205 Okl. 383, 238 P.2d 315, 28 A.L.R.2d 870; Kraft v. Rooke, 103 Cal.App. 552, 284 P. 935; Dreidlein v. Manger, 69 Mont. 155, 220 P. 1107; Westerman v. City of Carlsbad, 55 N.M. 550, 237 P.2d 356.

A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages. (Rule 56(c) I.R.C.P.) Clearly appellant can be compensated for what he has parted with. The part performance relied upon not being applicable the court properly entered summary judgment in favor of respondent on said claim.

**24**

Appellant assigns as error the court's action in granting a summary judgment in favor of respondent as to appellant's alleged second cause of action. Respondent argues that such action of the trial court was proper for the reason that the record shows that respondent made a full and fair disclosure to his attorney of all material facts leading up to the signing of the criminal complaint against appellant and that respondent relied upon the attorney's advice in the signing of such complaint.

█ This Court has adopted the general rule that advice of counsel is a complete defense to an action for malicious prosecution either of civil or criminal actions, where it appears that the prosecution was instituted in reliance in good faith on such advice, given after a full and fair statement to the attorney of all of the facts. The fact that the attorney's advice was unsound or erroneous will not affect the result. Douglas v. Kenney, 40 Idaho 412, 233 P. 874; Donaldson v. Miller, 58 Idaho 295, 72 P.2d 853; Lowther v. Metzker, 69 Idaho 115, 203 P.2d 604; Thomas v. Hinton, 76 Idaho 337, 281 P.2d 1050.

█ Respondent's defense to this alleged cause of action is mainly based upon the advice of counsel and if the record shows that a substantial question of fact exists as to whether respondent had stated to counsel all the material facts known to him the motion for summary judgment should not have been granted. (Thomas v. Hinton, supra.)

We have carefully examined the record and find that the matter of complete disclosure is not entirely free from doubt. In this connection, attention is called to the following excerpt from appellant's affidavit filed in opposition to the motion to dismiss:

"Before taking the tractor from the public road in front of June McMullens house, I went in the house and told June McMullen that I was taking the tractor to the Jenkins Creek Ranch to work on the road there. Mr. McMullen advised me that he was instructed by Rex Moyle to notify him (Rex Moyle) whatever I did. I presumed from this that McMullen was acting for Moyle and that he would tell Moyle that I had taken the tractor to work on the Jenkins Creek Ranch roads which Mr. Moyle had previously instructed me to do."

Respondent admitted that Mr. June McMullen told him appellant had taken the tractor but denied that Mr. McMullen told him anything about appellant coming to the McMullen home and making any statement before appellant removed the tractor from in front of the McMullen house. The record does not contain any showing as to what Mr. McMullen's testimony would be regarding the claimed statement. If

McMullen should acknowledge that appellant made such statement and also testify that he (McMullen) communicated such statement to respondent before the complaint was signed it would be competent evidence to consider in determining if a full and fair disclosure of all material facts known to respondent was made in good faith to his attorney.

It is also stated in appellant's affidavit as follows:

"At the time of the preliminary hearing, Mr. Moyle stated that his reason for having me arrested was that he could not get me off the job and that I was 'wrecking his equipment' and endangering other people by running his equipment upon the road."

Although such statement is in effect denied by respondent, the weight and credibility to be given such statements and denials is the province of the trier of fact.

From the record we cannot say that the evidence was so clear and undisputed that all reasonable minds must reach the same conclusion therefrom. The state of the record is such as to cause us to conclude that it is a matter for the trier of fact to determine whether respondent's action in filing the criminal complaint was in good faith and in reliance on the advice of counsel following a full and fair disclosure to his attorney of his (respondent's) information on the subject.

Judgment is therefore affirmed as to the first cause of action and reversed as to the second, and the cause is remanded for further proceedings. Costs to respondents.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.