503 P.2d 1212

Richard Odell **PERKINS** and Dorothy Perkins, his wife, Plaintiffs and Respondents,

v.

Mervin **STEPHENS** and Alice P. Stephens, his wife, et al., Defendants and Appellants.

No. 12775.

Supreme Court of Utah.

Nov. 27, 1972.

Skeen & Skeen, E. J. Skeen, Salt Lake City, for defendants-appellants.

Bean, Bean & Smedley, K. Roger Bean, Layton, for plaintiffs-respondents.

HENRIOD, Justice:

Appeal from a judgment entered on a jury verdict for plaintiffs in a malicious prosecution action. Reversed and remanded for a new trial, with costs on appeal to defendants.

This action has to do with a suit instituted by defendants against plaintiffs to enjoin them from using a septic tank which defendants claimed would pollute their spring some several hundred feet down-hollow from Mutton Hollow.

A trial was had, and the only question we need canvass here is whether the suit having been filed on advice of counsel provided a defense against a malicious prosecution action. The question arose as an issue at pretrial, on motion for nonsuit based on failure to prove lack of probable cause, and also on an objection to the admission of evidence as to circumstances proposed to show good faith, full disclosure to counsel and the latter's good fatih advice concerning a meritorious action.

The trial court remarked that if he were the fact finder, he would probably find that defendants here had probable cause, but that judges don't have that prerogative. The evidence was ruled inadmissible, but counsel, in the absence of the jury, was allowed to proffer evidence to show that after a full disclosure of the facts, the plaintiffs in that case filed suit upon advice of Mr. Skeen, a reputable attorney for several decades, who was counsel in that case, and the one here.

The trial court gave the standard instruction on the elements constituting malicious prosecution including that of lack of probable cause, without mentioning or including the circumstance that advice of counsel might be a factor to be weighed. Counsel duly excepted thereto.

This court on a number of occasions, has said that full disclosure to a reputable attorney is a defense to a malicious prosecution action allegedly arising out of a case where an accuser has filed an unsuccessful criminal action against the plaintiff.[1] The instant case presents an identical factual situation as to lack of probable cause as is the case of criminal prosecutions, and a case of first impression in this state. We can see little difference in principle between the two, and subscribe to the rule enunciated by our sister state in Allen v. Moyle[2] to the effect that advice of counsel is a defense in such actions, either civil

---

1. Cottrell v. Grand Union Tea, 5 Utah 2d 187, 299 P.2d 622 (1956); and cases *cited therein.*

2. Allen v. Moyle, 84 Idaho 18, 367 P.2d 549 (1961).

or criminal, if the action was instituted in good faith in reliance thereon, given after a full and fair disclosure of the facts to such counsel.

Plaintiffs say defendants did not plead the defense they urge. Although there is no piece of paper filed to that effect the defense certainly was pleaded and urged at pretrial, on motion to dismiss, by proffer of proof and by timely exception to the instructions,—no one being surprised in this case.

CALLISTER, C. J., and ELLETT, TUCKETT and CROCKETT, JJ., concur.