551 P.2d 100

Pamela PELTZ, on her own behalf, and on behalf of her minor child, Robert William Robillard, Appellant,

v.

NEW MEXICO DEPARTMENT OF HEALTH AND SOCIAL SERV-ICES, Appellee.

No. 2426.

Court of Appeals of New Mexico.

June 1, 1976.

Joseph Goldberg, Gary J. Martone, Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Richard A. Griscom, Gen.Counsel for H.S.S.D., James G. Huber, Sp. Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

Appellant and her infant son had been recipients of assistance pursuant to the Aid to Families with Dependent Children program (AFDC). She voluntarily terminated the assistance because "she wanted to try it on her own." Her income was $459.33 per month. Adjusted net income was $245.92 per month. Agency standards of need for the two-person household was $160.00 per month. After trying "it on her own" for over four months she reapplied for AFDC. She was then told by her caseworker, for the first time, that she was no longer eligible for AFDC, although her circumstances had not materially changed since she had last received AFDC. See H.S.S.D. Regulation 231.832(C) (18)(b). The decision of the caseworker was upheld by H.S.S.D. and she appeals. Appellant

contends the department is estopped from applying the time limitation of the Regulation:

Regulation 231.832(C) (18)(b), supra, states in part:

"b. *Family group earnings exemption—* "The first $30 of the total monthly earned income of all individuals whose earnings are not wholly disregarded and whose needs are included in the family grant plus one-third of the remainder of their earned income for the month will be disregarded for all AFDC family groups who are determined eligible for assistance without the application of this provision.

"* * *

"d. If a deficit exists the budget groups is eligible for AFDC and eligible for the family group earnings exemption. If there is no deficit, the family is ineligible for AFDC. (See Section 221.84) and ineligible for the family group earnings exemption, unless the family's needs were met, in whole or in part by an AFDC payment within the preceding four months. See d. below for method of determining net income from earnings."

██ It is not disputed that H.S.S.D.'s regulation is substantially identical with 42 U.S.C.A. § 602(a)(8) (1970) and 45 C.F.R. § 233 20(a)(11)(ii)(b) (1975). It is not disputed that the intent and purpose of the legislation and regulation was to provide an incentive for recipients to get off the welfare rolls. H.R.Rep. No. 544, 90th Congress, 1st Sess. p. 106–7 (1967); Congressional Record, Vol. 113, Part 24, p. 32,592–3 (Nov. 15, 1967). It is not contended that there is any statutory estoppel provision applicable to H.S.S.D. It is, however, contended that H.S.S.D. had an affirmative duty to inform appellant of the time limitation of eligibility under the income disregarding provisions and because of the failure to perform that duty H.S.S.D. is now estopped from applying the regulation.

██ Generally, absent statutory estoppel, estoppel will not be applied against the state. *United States v. Bureau of Revenue,* 87 N.M. 164, 531 P.2d 212 (Ct.App. 1975). However, estoppel will be applied "where right and justice demand it." *Silver City Consol. Sch. District No. 1 v. Board of Regents,* 75 N.M. 106, 401 P.2d 95 (1965); *City of Carlsbad v. Neal,* 56 N.M. 465, 245 P.2d 384 (1952).

██ To invoke the doctrine of estoppel by silence it must first be established that the one against whom the doctrine is sought to be invoked had a duty to speak. See *Mosley v. Magnolia Petroleum Co.,* 45 N.M. 230, 114 P.2d 740 (1941). *Mosley* goes on to state that for there to be a duty to speak it must be shown that the party maintaining silence knew that the other party was relying upon that silence.

██ We know of no principle of law which would, under the circumstances as presented here, impose a duty to speak. To the contrary, given the intent and purpose of the legislation and regulation (incentive to get off the welfare rolls) we believe that any imposed obligation to speak would thwart that intent and purpose. To so inform a recipient could cause apprehension which would inevitably lead to an unwillingness to try any protracted period of work experience. The four month period is simply a conditioning period during which the recipient can explore the parameters of independence and self-sufficiency. In view of the foregoing we are unwilling to impose the judicially created obligation of a duty to speak upon H.S.S.D. under the facts of this case.

Further, and particularly in view of what we perceive to be the intent and philosophy of the legislation, we fail to see how estoppel should be applied because "right and justice demand it."

Oral argument is unnecessary.

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.