571 P.2d 1194

**NATIONAL ADVERTISING COMPANY, Warren Ackerman, Ace Sign Company and Kay Bugg, Plaintiffs-Appellants,**

v.

**STATE of New Mexico ex rel. New Mexico STATE HIGHWAY COMMISSION, an agency thereof, and the New Mexico State Highway Department, Defendants-Appellees.**

**No. 11147.**

Supreme Court of New Mexico.

Dec. 8, 1977.

**192**

Kool, Kool, Bloomfield & Eaves, John M. Eaves, Albuquerque, for plaintiffs-appellants.

Branch & Coleman, Arthur Coleman, Albuquerque, Toney Anaya, Atty. Gen., Richard L. Russell, Henry Rothschild, Scott Rutledge, Asst. Attys. Gen., Santa Fe, for defendants-appellees.

## OPINION

BRUCE E. KAUFMAN, District Judge.

Our Memorandum Opinion filed July 11, 1977 in this case is hereby withdrawn and the following is substituted therefor.

The Plaintiffs-Appellants, (herein Sign Owners) brought this suit in the District Court of the Tenth Judicial District seeking a declaratory judgment that Sign Owners should be compensated for the value of their signs removed pursuant to the State Highway Beautification Act, § 55–11–1 et seq., N.M.S.A. 1953 (Supp. 1975) or, alternatively, that if Sign Owners' signs were not compensable under the Act, then the Highway Beautification Act was unconstitutional as applied to them.

The trial court found that the signs erected by the plaintiffs could only be compensable if they fell within one of the exceptions provided for in § 55–11–4, N.M.S.A. 1953, and that plaintiffs' signs failed to conform to any of those exceptions. Therefore, the trial court granted summary judgment in favor of the State.

This Court held in our prior Memorandum Opinion that the trial court's granting of summary judgment in favor of the State would be affirmed. Subsequently, petitions for rehearing were received from both parties, requesting reconsideration or expansion of various issues.

Appellants previously argued that their signs came within § 55–11–4 A(5), N.M.S.A. 1953, in that they are signs located in "unzoned commercial or industrial areas." The Highway Commission, which had authority to regulate under the statute, had not promulgated regulations defining unzoned commercial or industrial areas at the time appellants erected their signs and we held in our prior opinion and still hold that therefore that exception did not apply.

It is now alleged that the prior opinion failed to indicate whether the Act was unconstitutional. While there was no specific commentary on the validity of the Act which is here in issue, it was implicit in the Memorandum Opinion that the Act was considered a valid exercise of the state's police power. Property is always held subject to the fair exercise of the state's police power, and reasonable regulations enacted for the benefit of the public health, convenience, safety, or general welfare are not unconstitutional. *New Mexico Bd. of Examiners in Optometry v. Roberts*, 70 N.M. 90, 370 P.2d 811 (1962), aff'd sub nom. *Head v. New Mexico Board*, 374 U.S. 424, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963). So that this issue may be laid to rest, this Court now specifically holds that the State Highway Beautification Act, § 55–11–1 et seq., N.M. S.A. 1953 (Supp. 1975) is a constitutional enactment by the Legislature.

Petitioners also allege that the summary judgment affirmed by our Memorandum Opinion was improper since the judgment in favor of the State should have been barred by equitable estoppel.

The general rule on equitable estoppel against the State is that enunciated in the case of *Ross v. Daniel*, 53 N.M. 70, 75, 201 P.2d 993, 996 (1949):

> A state cannot be estopped by the unauthorized acts or representations of its officers. It may be estopped only by an act of the legislature where the legislature possesses the sole power to bind it in the transaction in which an estoppel is alleged to arise.

In spite of the acceptance and recognition of the general rule, the cases of *Silver City Consol. Sch. Dist. No. 1 v. Board of Regents*, 75 N.M. 106, 401 P.2d 95 (1965); *City of Carlsbad v. Neal*, 56 N.M. 465, 245 P.2d 384 (1952); *Peltz v. New Mexico Dept. of Health and Social Services*, 89 N.M. 276, 277, 551 P.2d 100, 101 (Ct.App. 1976) and *United States v. Bureau of Revenue*, 87 N.M. 164, 531 P.2d 212 (Ct.App. 1975) all recognize the corollary rule that estoppel will nevertheless be applied where "right and justice demand it." In *United States v. Bureau of Revenue, supra*, the court held that right and justice required that the Bureau of Revenue be estopped from collecting a compensating tax. The Bureau of Revenue in officially issued opinions had repeatedly assured the United States and some of its subcontractors that they would not be subject to a compensating tax. The court found that an action to collect such tax after these assurances raised a question of an unconstitutional change in policy.

In the *Peltz* case, the court expressed a willingness to apply the doctrine of estoppel by silence invoked by the plaintiff. However, the court found that right and justice did not demand it in this particular case because it could find no duty on the part of H.S.S.D. to speak.

In *State v. Shaw*, 90 N.M. 485, 565 P.2d 655 (1977), the New Mexico Supreme Court applied the doctrine of equitable estoppel to preclude the State from denying to Exxon and Texaco recovery for the enhanced value of land. The two plaintiffs had acquired the land, which was subsequently taken by the State, only after repeated assurances from the State Highway Department that no further taxing would be involved in the construction of a highway.

The elements of equitable estoppel were defined in *Westerman v. City of Carlsbad*, 55 N.M. 550, 555, 556, 237 P.2d 356, 359 (1951) as follows:

> The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based

thereon of such a character as to change his position prejudicially.

This same language has been restated in *State v. Shaw, supra,* and *State Highway Department v. Yurcic,* 85 N.M. 220, 511 P.2d 546 (1973). Thus estoppel is available against the State in certain factual situations where right and justice demand it. In this case, however, the evidence shows the Sign Owners recognized language on the permits which stated that the permits could be revoked at any time and the billboards removed at the expense of the owners. In light of this, and the elements discussed in *Westerman, supra,* there is no reasonable way Sign Owners can argue that there was concealment by the State or reasonable reliance on the part of the Sign Owners.

Furthermore, there is language in *Yurcic, supra,* at 223, 511 P.2d at 549, which indicates that estoppel is not to be applied except in exceptional situations where there is a "shocking degree of aggravated and overreaching conduct." That is certainly not the case here. Equitable estoppel should not be applied.

■■■■■ The only residual matter therefore remaining for disposition on rehearing is the propriety of summary judgment. A mere scintilla of an issue is not sufficient to create a genuine issue of material fact sufficient to make summary judgment inappropriate. The test for summary judgment does not require that there be absolutely no facts in controversy; the test is whether there are sufficient material facts in controversy to create a genuine issue. *Pharmaseal Laboratories, Inc. v. Goffe,* N.M., 568 P.2d 589 (1977); *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972). In this case, all issues of fact which were necessary to dispose of the case were either not factually in controversy or were found as a matter of law not to raise a genuine issue of material fact.

The judgment of the trial court is hereby affirmed.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.