749 P.2d 1120

Diana AKEL, Plaintiff–Appellant,

v.

NEW MEXICO HUMAN SERVICES DE-
PARTMENT, Defendant-Appellee.

No. 10208.

Court of Appeals of New Mexico.

Dec. 31, 1987.

Certiorari Denied March 28, 1988.

Edward Coghlan, Northern New Mexico
Legal Services, Inc., Santa Fe, for plaintiff-
appellant.

Hal Stratton, Atty. Gen., Laurie Burnett,
Asst. Gen. Counsel, HSD, Santa Fe, for
defendant-appellee.

## OPINION

APODACA, Judge.

Diana Akel (claimant) appeals from the
decision of the Human Services Depart-
ment (Department) denying her application
for general assistance benefits. The De-

partment determined that: (1) although claimant was disabled, her disability did not prevent her from engaging in employment; and (2) claimant was not financially eligible for general assistance. Our calendar notice proposed summary reversal on the ground that the decision of the hearing officer on both determinations was not supported by substantial evidence.

The Department has filed a memorandum in opposition to the proposed disposition. The memorandum concedes the correctness of our proposed disposition in connection with the financial eligibility determination, but argues there was substantial evidence to support the determination that claimant's disability does not prevent her from engaging in gainful employment outside a sheltered workshop setting. Not being persuaded by the memorandum in opposition, we reverse the Department's decision.

In reviewing the Department's determination, this court will uphold it if, after reviewing the whole record, we conclude the decision is supported by substantial evidence. *Duke City Lumber Co. v. N.M. Envtl. Improvement Bd.,* 101 N.M. 291, 681 P.2d 717 (1984); *New Mexico Human Services Dep't v. Garcia,* 94 N.M. 175, 608 P.2d 151 (1980); *Trujillo v. Employment Sec. Dep't,* 105 N.M. 467, 734 P.2d 245 (Ct.App.1987). Where the evidence as a whole does not support the decision, this court will not uphold the Department's determination. *Cibola Energy Corp. v. Roselli,* 105 N.M. 774, 737 P.2d 555 (Ct.App. 1987).

Having reviewed the record as a whole, we conclude that the decision is not supported by substantial evidence. The hearing officer found as fact that claimant was disabled within the meaning of 1 HSD Income Support Division Program Manual (ISDP Manual) § 241.71 (Reissued April 1, 1978). He found further, however, that the disability did not constitute a barrier to employment because claimant had worked in the past and because she was able to work at 55% of a normal person's capacity in a sheltered workshop setting.

■ The hearing officer heard testimony from claimant, claimant's companion, Ms. Wheeler, and claimant's counselor at the sheltered workshop, Ms. Parks. All three witnesses testified claimant was unable to obtain gainful employment because of her mental retardation and related behavioral problems. In addition, the exhibits included a psychiatric evaluation by a Dr. Feierman, who stated that claimant's I.Q. was low enough that she should be considered a disabled person, and noted that she seemed unable to get a job in the competitive job market. The record is bare of any testimony or other evidence that claimant was able to work outside a sheltered environment either at the time she applied for benefits or at the time of the hearing. Evidence that an applicant has worked in the past despite a disability is not, without more, adequate to support a conclusion that the applicant is not disabled when the testimony and exhibits show that the applicant is unable to work in a regular competitive environment at the time of her application for benefits and at the time of the hearing. *See Groendyke Transp., Inc. v. New Mexico State Corp. Comm'n,* 101 N.M. 470, 684 P.2d 1135 (1984). The Department's regulations recognize that, with some exceptions, applicants for benefits may have some work history, and, indeed, appear to suggest that an applicant may not be eligible for benefits unless the applicant has been self-supporting at some time in the past. ISDP Manual § 241.712 (Reissued April 1, 1978).

■ Additionally, the hearing officer apparently believed that claimant's ability to work at 55% of a normal person's capacity showed she was able to work in a normal environment. We disagree. Instead, we believe such evidence would tend to show claimant was disabled from engaging in employment.

In its memorandum, the Department focuses on three items in the record that it argues constitute substantial evidence in support of its decision: (1) the report of K. Paul Barlow, a vocational specialist; (2) the initial report of the Incapacity Review Unit (IRU); and (3) the notice from the social

security administration that claimant has been denied social security benefits.

■ The Department points out that the Barlow report states that claimant "may be a candidate for competitive employment," and claims this is substantial evidence in support of its determination. On its face, this is tentative language. The report as a whole recommends further assessment of claimant. The record of the hearing demonstrates that claimant had severe problems in the sheltered workshop setting. Barlow clearly contemplated that this information would be considered in his final determination. In short, taken in the context of the report, the language the Department relies on is not substantial evidence that claimant's disability does not prevent her from engaging in employment.

■ The Department next argues that the determination of the Social Security Administration that claimant does not qualify for disability insurance benefits is substantial evidence in support of its decision. We note that the determination referred to is an initial determination, and that claimant has appealed the decision. The denial of an application for social security benefits appears to be one of the criteria that applicants must meet in order to qualify for general assistance benefits based on disability. ISDP Manual § 241.73 (Revised April 1, 1986). If we were to hold that the denial of a social security application, without more, was substantial evidence to support the denial of general assistance benefits, applicants would find themselves in a paradox of being disqualified from receiving general assistance benefits by actually meeting the eligibility criteria for the program. We decline to adopt such an anomalous position.

The Department also argues that the Incapacity Review Unit (IRU) determination is substantial evidence in support of its decision, citing *New Mexico Human Services Dep't v. Tapia*, 97 N.M. 632, 642 P.2d 1091 (1982). *Tapia* held that the IRU determination that a claimant could perform her normal household duties was substantial evidence in support of the decision. *Tapia* does not discuss the entire record that was before the court in that case. This is a critical aspect of this appeal, since we must review the evidence in light of the whole record in order to determine whether the Department's decision is supported by substantial evidence. *See Cibola Energy Corp. v. Roselli*. In the instant case, the IRU determination was based on the fact that claimant had worked in the past. We have already noted that her past work experience does not, in the context of this case and without more, constitute substantial evidence in support of the Department's decision.

■ Finally, the Department contends that findings of fact by hearing officers who are not attorneys are not subject to the same standards as findings made by a judge. The Department has not cited authority for this proposition, and accordingly we need not consider it. *In re Adoption of Doe*, 100 N.M. 764, 676 P.2d 1329 (1984). We note, however, that the decisions of administrative agencies must meet certain standards. Among these standards is the requirement that the hearing officer's decision adequately reflect the basis for his determination and the reasoning used in arriving at such determination. *See Cotter v. Harris*, 642 F.2d 700 (3d Cir.1981); *Continental Oil Co. v. Oil Conservation Comm'n*, 70 N.M. 310, 373 P.2d 809 (1962). This would include the reasons why the hearing officer determined that certain testimony or other evidence was entitled to more or less weight in arriving at a decision, so that this court may adequately perform its appellate review. *See id.* We do not believe that requiring these standards of non-attorney hearing officers is unreasonable.

We reverse the Department's decision; the case is remanded for further proceedings consistent with this opinion.

Claimant shall recover her appellate costs.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.