762 P.2d 915

Iva GREEN, Appellant,

v.

NEW MEXICO HUMAN SERVICES DEPARTMENT, INCOME SUPPORT DIVISION, Appellee.

No. 10009.

Court of Appeals of New Mexico.

Sept. 27, 1988.

Lee Deschamps Socorro, for appellant.

Jennifer A. Salisbury, Gen. Counsel, Dale S. Morritz, Asst. Gen. Counsel, New Mexico Human Services Dept. Santa Fe, for appellee.

## OPINION

MINZNER, Judge.

Iva Green (appellant), a recipient of Aid to Families with Dependent Children (AFDC) benefits, appeals from a fair hearing decision. That decision affirmed action by the Socorro County office declaring appellant ineligible for her basic monthly grant and accompanying benefits. The New Mexico Human Services Department (HSD) affirmed the hearing officer's decision that the county correctly applied the "lump sum rule"; because appellant had received a nonrecurring lump sum payment, she was ineligible for a period of time calculated by dividing the nonrecurring payment, together with all income for that month, by the basic monthly grant. *See Muckey v. New Mexico Dep't of Human Servs., Income Support Div.*, 102 N.M. 265, 694 P.2d 521 (Ct.App.1985). Appellant's sole argument on appeal is that HSD is equitably estopped from imposing a

period of ineligibility. *Cf. id.* Appellant does not challenge on appeal the correctness of HSD's application of the lump sum rule. Consequently, that issue is not before us. We vacate the fair hearing decision and remand for further proceedings.

The hearing officer ruled against appellant on the theory that "[w]hether she was correctly or incorrectly informed of the subsequent closure is not at issue.... The county had no choice but to terminate assistance." To the extent HSD rejected appellant's equitable estoppel argument as irrelevant, the decision was incorrect as a matter of law and must be reversed. *See* § 27–3–4(F).

Equitable estoppel is a theory not generally used against the state. *See generally Peltz v. New Mexico Dep't of Human Servs., Income Support Div.; Peltz v. New Mexico Dep't of Health & Social Servs.*, 89 N.M. 276, 551 P.2d 100 (Ct.App. 1976). However, equitable estoppel will be applied against the state where right and justice demand it. *State ex rel. Dep't of Human Servs. v. Davis*, 99 N.M. 138, 654 P.2d 1038 (1982). In fact, HSD concedes on appeal that an exception exists for "rare cases."

The requisite elements of equitable estoppel are outlined in *Stuckey's Stores, Inc. v. O'Cheskey*, 93 N.M. 312, 600 P.2d 258 (1979), *appeal dismissed*, 446 U.S. 930, 100 S.Ct. 2145, 64 L.Ed.2d 783 (1980). Relating to the party estopped, " '[c]onduct which amounts to a false representation or concealment of material facts' " must be shown, along with knowledge of true facts and an intention or expectation that the innocent party will act on those representations. *Id.* at 324, 600 P.2d at 270 (*quoting Westerman v. City of Carlsbad*, 55 N.M. 550, 555–6, 237 P.2d 356, 359 (1951)). The court noted that representations that are contrary to the essential facts to be relied on, even when made innocently or by mistake, will support the application of the estoppel doctrine. The party claiming estoppel must have lack of knowledge of the true facts in question, must have relied on the estopped party's conduct, and must

have taken action which changes his or her position prejudicially. *Id.*

In this case, appellant testified at the fair hearing that she had a telephone conversation with Ronald Raff, her caseworker, on the day she received the lump sum payment. According to her testimony, Raff said the money "was hers" and that she could do "whatever she wanted" with it; he also assured her that the two checks she received would not affect her benefits significantly, with the exception of a minor alteration in December. Based on this information, appellant spent the money on clothes for the children, Christmas gifts, past indebtedness, and automobile repairs.

Raff testified that it was possible that such a conversation occurred, although he did not recall it. Raff stated that he routinely informs clients that they may keep a lump sum of money received and are not required to forward such checks to HSD. Raff did recall discussing the lump sum with appellant during a periodic review, which occurred in mid-December 1986.

Appellant's father also testified at the hearing. He had listened to a telephone conversation between appellant and Raff from an extension. Mr. Green testified that Raff told appellant the money was hers and that she did not have to forward the checks to HSD. There would "probably be" some effect, Raff would have to "make corrections in it, but it wouldn't be a great deal." Mr. Green also stated that Raff did not indicate for how long a period those corrections might be made.

Appellant urges this court to hold that Raff's testimony does not conflict with that of herself and her father. We disagree. Raff testified it was not his practice to advise clients by telephone about the effect of a lump sum and that he first discussed the lump sum rule with appellant at a personal interview in December. *Cf. State v. Chavez*, 84 N.M. 247, 501 P.2d 691 (Ct. App.1972) (failure to remember not a denial). Further, the two checks were for vastly different amounts; one was a back payment and the other the first of a series of monthly grants. It is possible that appellant failed to tell Raff exactly how much she had received. Under these circumstances, there is conflicting evidence relating to the conduct of the party to be estopped: whether a representation was made and to what it referred. The evidence involves not only the credibility of the witnesses but also the inferences their testimony will support.

■ Thus, there is a factual dispute on whether Raff made the representations on which appellant claimed to have relied. The decision below failed to resolve this dispute. The only findings of fact concern the date appellant received the payment and the two different dates HSD proposed termination. Here, we cannot be sure how the hearing officer would have resolved the factual dispute. Thus, we cannot affirm the decision as right for the wrong reason. *Cf. State ex rel. State Highway Dep't of N.M. v. Strosnider*, 106 N.M. 608, 747 P.2d 254 (Ct.App.1987) (correct decision of trial court will not be reversed if, under any reasonable view of the facts and law, the judgment is proper). Because the credibility of the witnesses is at issue, this is not an appropriate case for us to make independent findings. *Cf. Cibola Energy Corp. v. Roselli*, 105 N.M. 774, 737 P.2d 555 (Ct. App.1987). In addition, the findings of fact do not permit us to determine whether the other elements of equitable estoppel are present.

The second termination notice appellant received indicated medical benefits were terminated February 1, 1987. The hearing officer concluded that "closure should have been effective December 1986."

On the record before us, it is unclear whether appellant was ineligible for medical benefits in January, 1987 and thus will be required to repay sums expended for surgery in that month. It is also unclear whether she postponed her surgery from November to January in reliance on Raff's statements. This makes it impossible to evaluate the extent to which "right and justice" demand application of the doctrine of equitable estoppel.

■ Because the hearing officer apparently believed appellant's argument had no basis in law, he made no findings on

the issues raised by her defense in light of the evidence. We are not able to make our own findings because of the nature of the evidence. Under these circumstances, it is appropriate to remand the case to the hearing officer and to HSD for entry of additional findings. *Compare Mora v. Martinez*, 80 N.M. 88, 451 P.2d 992 (1969) (case should be remanded where trial court failed to make proper findings of fact and conclusions of law) *with Taylor v. Department of Human Servs.*, 98 N.M. 314, 648 P.2d 353 (Ct.App.1982) (cause reversed and remanded with instructions to reinstate claimant until such time as a fair hearing has been held according to law). On remand, the hearing officer shall make specific findings of fact concerning the elements of equitable estoppel and determine whether or not "right and justice" support application of that doctrine.

■ Under NMSA 1978, Section 27–3–3(D) (Repl.Pamp.1984), the director is required to review the decision of the hearing officer and the "recipient, or his representative, shall be notified in writing of *the director's* decision *and the reasons for the decision.*" (Emphasis added.) Although the director in this case signed a form paragraph entitled "Final Decision" and inserted a check mark indicating "[d]ecided in favor of DEPT.," his signature and the check mark fail to comply with Section 27–3–3(D) because they do not indicate the reason for his decision. Specifically, the director failed to indicate whether he adopted or approved the findings and conclusions of the hearing officer or whether he reached his decision on some other basis. Compliance with Section 27–3–3(D) is necessary for meaningful appellate review. Decisions of an administrative officer must adequately reflect the basis for his or her determination and the reasoning used in arriving at such determination. *Cf. Akel v. New Mexico Human Servs. Dep't,* 106 N.M. 741, 749 P.2d 1120 (Ct.App.1987) (nonattorney hearing officer required to issue decision adequately reflecting basis for determination and reasoning used).

For the above reasons, the fair hearing decision is set aside, and the case is remanded for further proceedings not inconsistent with this opinion. No costs are awarded.

IT IS SO ORDERED.

DONNELLY, C.J., and BIVINS, J., concur.