■ RHP, Inc., Respondent, v City of Ithaca, Appellant. — Appeal from an order of the Supreme Court at Special Term (Swartwood, J.), entered April 21, 1982 in Tompkins county, which (1) enjoined defendant from directing the removal of 12 of plaintiff's billboards without compensation, and (2) enjoined defendant from directing the removal of two other billboards without first holding a hearing. In 1972, in an attempt to enhance its natural beauty and historic surroundings, defendant adopted a municipal sign ordinance. So far as pertinent herein, the ordinance provided for the removal of all nonconforming billboards erected prior to July 5, 1972 by August 31, 1979. Nonconforming billboards were identified as "any free-standing sign that advertises business conducted, services provided, or products sold on properties other than the property on which the sign is erected" located outside of two enumerated commercial zones in the city. On June 23, 1981, plaintiff, an outdoor advertising company, was ordered by defendant to remove all of its billboards by July 23, 1981. Thereafter, plaintiff commenced this action seeking a permanent injunction against enforcement of defendant's sign ordinance on the grounds of alleged unconstitutionality and, alternatively, that defendant must compensate plaintiff for the removal of any of its signs. Defendant answered and both parties moved for summary judgment. Special Term held that the ordinance was constitutional both on its face and as applied to plaintiff, but enjoined defendant from removing plaintiff's 12 billboards located within 660 feet of Federally aided highways without compensation. Further, Special Term enjoined defendant from removing two of plaintiff's billboards not located within 660 feet of protected highways pending a hearing to determine whether the recoupment period allowed for those billboards was reasonable. Defendant appeals only from that part of Special Term's order requiring it to pay compensation and to conduct a hearing, obviating any need of a discussion of constitutional principles. Municipal regulation of outdoor advertising for aesthetic and safety purposes, as manifested in defendant's sign ordinance (City of Ithaca Municipal Code, ch 34, § 34.1), constitutes a valid exercise of the police power (*Suffolk Outdoor Adv. Co. v Hulse*, 43 NY2d 483, 489, app dsmd 439 US 808). In addition to this exercise of the police power, outdoor advertising located within 660 feet of the interstate and primary highway system is regulated by the Federal Highway Beautification Act of 1965 (US Code, tit 23, § 131) and its State counterpart, section 88 of the Highway Law. A 1978 amendment to the Federal Act (Public L 95-599) changed the compensation provision of that law to make clear that "[j]ust compensation shall be paid upon the removal of any outdoor advertising sign * * * lawfully erected under State Law and not permitted under subsection (c) of this section, *whether or not removed pursuant to or because of this section*" (US Code, tit 23, § 131, subd [g]; emphasis added). Since the 12 billboards owned by plaintiff within 660 feet of Federally aided highways in the City of Ithaca are "not permitted under subsection (c) of [US Code, tit 23, § 131]", Special Term correctly held that they could not be removed by defendant without just compensation. Noting that all of plaintiff's billboards are located within commercially zoned areas, defendant argues that subdivision (d) of section 131 of the Federal act exempts signs located within industrial and commercial zones from the compensation requirements of the act. We disagree. Subdivision (d) of section 131 merely permits the States and the Federal Government to allow otherwise prohibited signs in areas zoned industrial or commercial. However, since billboards

located within 660 feet of the interstate and primary highway system are not permitted under subdivision (c) of section 131, regardless of their location in commercial or industrial zones, the unambiguous language contained in subdivision (g) of that section requires that the owners of these billboards be compensated for their removal (see *Metromedia, Inc. v City of San Diego*, 26 Cal 3d 848, revd on other grounds 453 US 490; cf. *Modjeska Sign Studios v Berle*, 43 NY2d 468, 481, app dsmd 439 US 809; *Suffolk Outdoor Adv. Co. v Hulse, supra*, p 491 [decided prior to 1978 amdt to US Code, tit 23, § 131, subd (g)]). Turning to the question of whether the period afforded plaintiff for the recoupment of the value of the two signs not located within 660 feet of Federally aided highways was reasonable, we note that the Court of Appeals has indicated that the reasonableness of an amortization period is a question of fact (*Modjeska Sign Studios v Berle, supra*, p 481). Here, it is necessary to determine the investment of plaintiff in these two signs and whether all or a significant portion of such investment has been recovered. Special Term thus properly directed a hearing on the issue. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Yesawich, Jr., JJ., concur.