669 P.2d 1082

**Duane BATTAGLINI, Fred Smith, Verlyn Fisher and Tony Heiberger, Plaintiffs-Appellees and Cross-Appellants,**

v.

**The TOWN OF RED RIVER, New Mexico, Defendant-Appellant and Cross-Appellee.**

No. 14038.

Supreme Court of New Mexico.

Sept. 8, 1983.

Rehearing Denied Sept. 28, 1983.

Coppler & Walter, Frank R. Coppler, Santa Fe, Eugene Weisfeld, Taos, for appellant.

Simons, Cuddy & Friedman, Daniel H. Friedman, Thomas A. Simons IV, Santa Fe, Robert R. Fuentes, Corrales, for appellees.

Steven Barshov, Santa Fe, amicus curiae Municipal League.

Eaves & Darling, Peter F. Lindborg, Albuquerque, amicus curiae Donrey Outdoor Advertising.

## OPINION

STOWERS, Justice.

The Town of Red River (Town) appeals from the trial court's judgment which held that NMSA 1978, Section 42A–1–34 (Repl. Pamp.1981) is constitutional and is applicable to the Town's sign ordinance. The trial court found the Town's sign ordinance to be in contravention of state law and therefore unenforceable. The trial court then entered judgment enjoining enforcement of the ordinance. The Town appeals and the sign owners cross-appeal. We affirm the trial court.

The Town raises the following issues on appeal:

Whether Section 42A–1–34 is inapplicable to the Town's sign ordinance because it was enacted after the sign ordinance.

Whether Section 42A–1–34 requires the Town to make an unconstitutional gift to the sign owners.

Whether Section 42A–1–34 creates an arbitrary classification of property owners affected by local zoning ordinances, thereby making the statute invalid special legislation and a denial of equal protection.

Whether the enactment of Section 42A–1–34 usurps the necessary and legitimate power of courts to determine when police power may be properly exercised without causing a "taking."

Whether the five-year amortization period granted to the sign owners by the Town constitutes just compensation within the meaning of Section 42A–1–34.

The relevant facts are as follows. In 1976, the Town adopted Ordinance 1976–5 which provided for the regulation of the size, design, placement, and maintenance of signs and other advertising structures. Ordinance 1976–5, Section 13 provided, in pertinent part, that "[a]ll owners of non-conforming signs will have two years within which to alter their respective signs to conformance [sic] with this Ordinance." Ordinance 1976–5 was amended in 1977 by Ordinance 1977–1, Section 2 to read in part, "[a]ny sign, billboard or commercial advertising structure non-conforming as to use shall be removed within five (5) years from July 15, 1976."

However, during the 1981 legislative session Section 42A–1–34 was enacted. Section 42A–1–34 prohibits any municipal, county or local zoning authority from re-

moving or causing to be removed any lawfully erected and maintained advertising structure without paying just compensation.

After the enactment of Section 42A–1–34 and prior to the date set for removal of the signs, the sign owners filed a petition for declaratory relief, a writ of prohibition, and a complaint for damages against the Town. The Town filed a response and the trial court entered a preliminary order and writ of prohibition which prohibited the Town from enforcing its sign ordinance. After a hearing, the trial court issued its judgment, permanent injunction, and writ making the writ of prohibition previously entered permanent. The Town and the sign owners timely filed this appeal.

■ Municipal regulation of outdoor advertising for aesthetic and safety purposes, as manifested in the Town's sign ordinance, constitutes a valid exercise of the police power. *Temple Baptist Church, Inc. v. City of Albuquerque,* 98 N.M. 138, 646 P.2d 565 (1982). However, municipalities have no inherent right to exercise this police power because their right must derive from authority granted by the State. *City of Santa Fe v. Gamble-Skogmo, Inc.,* 73 N.M. 410, 389 P.2d 13 (1964); *see generally* NMSA 1978, § 3–21–1.

In addition to a municipality's exercise of its police power, outdoor advertising is now regulated by Section 42A–1–34, which provides:

> No municipal, county or local zoning authority or any other political subdivision of the state shall remove or cause to be removed any lawfully erected and maintained advertising structure without paying just compensation. As used in this act, "advertising structure" means and includes any outdoor sign, display, figure, painting, poster, billboard or similar thing designed, intended or used to advertise or inform the public of goods or services sold either on or off the premises where the advertising structure is located.

NMSA 1978, § 42A–1–34 (Repl.Pamp.1981). This statute changed the compensation procedures required when lawfully erected and maintained advertising structures are removed by a municipal, county or local zoning authority.

■ Therefore, it is clear that under Section 42A–1–34, sign owners must be paid compensation upon the removal of their signs if the removal occurs after the enactment of the statute. Compare *Metromedia, Inc. v. City of San Diego,* 26 Cal.3d 848, 164 Cal.Rptr. 510, 610 P.2d 407 (1980), *rev'd on other grounds,* 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981) (municipal ordinance not applicable to billboards falling within scope of state law); *Lamar-Orlando Outdoor Advertising v. City of Ormond Beach,* 415 So.2d 1312 (Fla.App.1982) (state statute entitled sign owners to receive compensation upon the forced removal of signs); *RHP, Inc. v. City of Ithaca,* 91 A.D.2d 721, 457 N.Y.S.2d 645 (1982) (removal of outdoor advertising regulated by federal and state law required just compensation).

■ The Town argues that the signs became non-conforming, and therefore illegal and subject to immediate removal on July 16, 1976, when the Town's original sign ordinance was passed. The Town asserts that the granting of an amortization period of two years, later extended to five years, did not make the signs conforming and therefore legal, but merely allowed the owners to retain the use of their signs for an additional period of time. We disagree. By the terms of its own ordinance, the Town did not have the legal right to cause the removal of the signs until July 15, 1981. The fact that the application of Section 42A–1–34 draws upon facts arising before its enactment does not cause a retroactive application. *Cf. Lucero v. Board of Regents,* 91 N.M. 770, 581 P.2d 458 (1978) (teacher's years of service prior to newly-enacted tenure statute, counted towards entitling him to tenure).

■ The Town next argues that the application of Section 42A–1–34 results in the Town making an unconstitutional gift to the sign owners in violation of N.M. Const. art. IX, Section 14, and cite *Ackerley Com-*

*munications, Inc. v. City of Seattle,* 92 Wash.2d 905, 602 P.2d 1177 (1979), as authority for this proposition. In *Ackerley Communications,* the Washington Supreme Court held that a statute requiring a city to compensate sign owners, who were already obligated to remove their signs, constituted an impermissible gift since the sign owners already had the duty to remove the signs, and that there was no "taking." However, in the present case the sign owners had no prior duty to remove their signs. The Town had no right to remove the signs until July 15, 1981. Therefore, just compensation must be paid because any removal would occur after the enactment of the statute.

■ The Town also asserts that Section 42A–1–34 violates N.M. Const. art. IV, Section 24 because it constitutes a prohibited "special law" by granting special rights to sign owners as compared to other property owners whose property is caused to be removed by operation of a local zoning ordinance. We have held that a special law is defined as legislation written in terms which make it applicable only to named individuals or determinative situations. *Keiderling v. Sanchez,* 91 N.M. 198, 572 P.2d 545 (1977). After reviewing Section 42A–1–34 in light of this definition, we determine that it is not a special law. Moreover, this Court has previously held constitutional the New Mexico Highway Beautification Act, NMSA 1978, Sections 67–12–1 through 67–12–14 (Orig.Pamp. and Cum.Supp.1983), which similarly deals with outdoor advertising. *See Stuckey's Stores, Inc. v. O'Cheskey,* 93 N.M. 312, 600 P.2d 258 (1979); *National Advertising Company v. State, ex rel. State Highway Commission,* 91 N.M. 191, 571 P.2d 1194 (1977). Therefore, we also find Section 42A–1–34 which deals with advertising structures to be constitutional.

■ Next, the Town asserts that the enactment of Section 42A–1–34 usurps the necessary and legitimate power of courts to determine when the police power may be properly exercised without causing a "taking" but cites no specific authority for this assertion. After reviewing the record, we determine that Section 42A–1–34 does not usurp the necessary and legitimate power of courts.

■ Finally, the Town argues that if Section 42A–1–34 is constitutional and applicable to the Town's ordinance, then the granting of the five-year amortization period constitutes just compensation within the meaning of the statute. We have previously held that if the period is reasonable, amortization provisions are a constitutional means for municipalities to terminate nonconforming uses and, as such, are constitutional alternatives to just compensation. *Temple Baptist Church, Inc. v. City of Albuquerque,* 98 N.M. 138, 646 P.2d 565 (1982). We have considered the reasoning of the Arkansas Supreme Court which recently held that amortization is a constitutionally permissible method of providing just compensation. *City of Fayetteville v. McIlroy Bank & Trust Co.,* 278 Ark. 500, 647 S.W.2d 439 (1983). However, in the Arkansas case there was no statutory provision requiring municipal, county, or local zoning authorities or other political subdivisions of the state to pay just compensation for the removal of lawfully erected and maintained advertising structures. Section 42A–1–34 is applicable to the removal of any sign that occurs after its legislative enactment. Section 42A–1–34 specifically requires "paying just compensation." When the meaning of the statutory language is plain, it must be given effect. *See Aetna Finance Co. v. Gutierrez,* 96 N.M. 538, 632 P.2d 1176 (1981). Therefore, we determine that the granting of an amortization period does not constitute "paying just compensation," as now required by the statute.

On cross-appeal, the sign owners appeal the trial court's judgment allowing the Town to enact an amendment to the ordinance to provide for a reasonable procedure to determine the amount of compensation required to fairly compensate a sign owner. The sign owners also appeal the trial court's judgment dismissing without prejudice any allegations concerning just compensation for any taking by the Town, and the trial court's holding that the ordinance is not

unconstitutional. Because we have determined that Section 42A–1–34 requires the payment of just compensation, we find it unnecessary to address the issues raised by the sign owners on cross-appeal. The Town is allowed a reasonable opportunity to enact a procedure to determine the amount of just compensation required to be given sign owners for the removal of "advertising structures."

The trial court is affirmed. This cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., and RIORDAN, J., concur.