NATIONAL ADVERTISING COMPANY, David S. Day, Larry Ales, R. Savageau Limited . Partnership, R.V., Inc., All Right Properties, Inc., Bernard Blecker, Irving Hayutin, CHSB, Inc., All Right Properties, Inc. a/k/a Austin Black and White Service No. 1, Inc., Harold Levy, Kenneth J. Zoetway, Billy J. Mercer, Wyoma Mercer, Walter G. Schill, Georgia Berger, Gibralter Realty Co., Frances W. Phelps, Sam S. Silver and Mildred S. Silver, Petitioners–Appellees,

v.

The BOARD OF ADJUSTMENT (ZONING) OF the CITY AND COUNTY OF DENVER and Ernest C. Capillupo, Frana L. Mace, Charles R. Cousins, Robert Tabor Booms and Kathryn Cheever, Individually and as Members of the Board of Adjustment (Zoning) of the City and County of Denver, Dorothy Nepa, as Zoning Administrator of the City and County and the City and County of Denver, Respondents–Appellants.

No. 89CA0071.

Colorado Court of Appeals, Div. II.

Oct. 11, 1990.

Alan A. Armour, Littleton, Darrel L. Campbell, Denver, for petitioners-appellees.

Stephen H. Kaplan, City Atty., Robert M. Kelly and Karen A. Aviles, Asst. City Attys., Denver, for respondents-appellants.

Judge TURSI.

This is an appeal by the City and County of Denver, its Board of Adjustment–Zoning (Board), the Board members individually, and the Denver Zoning Administrator from a summary judgment entered by the district court invalidating certain orders of the Denver Department of Zoning Administration which required petitioners to cease and desist from violating the 45–foot height limitation for billboards located within Denver. We reverse and remand.

Petitioners are National Advertising Company, which owns and maintains the 13 billboards at issue here, located within Denver, and certain property owners who lease property to National Advertising Company and on whose land these billboards are located (owners). These billboards, which were lawfully erected and maintained prior to July 1976 and are situated on federal aid primary highways or interstate highways, exceed the 45–foot height limitation of Denver Revised Municipal Code § 59–567(a).

Pursuant to Denver Revised Municipal Code § 59–572(a)(1), they are considered "nonconforming outdoor general advertising devices" and, as such, became subject to termination by amortization in July 1986 pursuant to Denver Revised Municipal Code § 59–572(c)(4)(b). That latter ordinance provides:

"[T]he right to maintain a nonconforming outdoor general advertising device which exceeds the maximum height limitations contained in section 59–567 shall terminate ten (10) years after the date of enactment of the ordinance ... provided, however, that any such device may be lowered or reconstructed to conform to the height limitations contained in section 59–567...."

By July 1986, owners had brought all but the 13 of their Denver billboards which were covered by the federal Highway Beautification Act of 1965, 23 U.S.C. § 131 (1982) and the Colorado Outdoor Advertising Act, § 43–1–401, et seq., C.R.S. (1984 Repl.Vol. 17), into conformity with the zoning ordinances. These 13 billboards were the subject of Department of Zoning Administration's orders issued to each of the owners on October 4, 1986. These orders required owners to cease and desist from violating the 45–foot height limitation of § 59–567(a). Owners appealed these orders to the Board, and after a hearing, it found the orders to be valid.

Owners sought review of the orders and declaratory relief in the district court. The district court determined that two of the 13 billboards could not be lowered without complete destruction, and it therefore ruled that, if those two signs were made to comply with the zoning ordinance, Denver would have to pay just compensation. With regard to the other 11 billboards, the court determined that they presented a factual issue to be resolved at trial whether they could be lowered without destroying their effectiveness as advertising signs.

Five days later, on June 23, 1988, this court issued its decision in *Root Outdoor Advertising, Inc. v. City of Fort Collins*, 759 P.2d 59 (Colo.App.1988), *aff'd in part, rev'd in part*, 788 P.2d 149 (Colo.1990). On the grounds that this case was dispositive of all issues involved, owners filed a motion for summary judgment. The trial court agreed, and on reconsideration entered summary judgment in their favor.

## I.

The question common to all issues in this case is whether our holding in *Root Out-*

*door Advertising, Inc. v. City of Fort Collins, supra,* is controlling. Inasmuch as the owners, who must modify but not remove their signs to conform to reasonable restrictions, will continue to benefit by the reasonable use of the signs, we conclude that it is not dispositive.

In *Root,* we held that a municipality may not legally require sign owners to remove non-conforming signs without paying just compensation for the taking. However, *Root* did not hold that a taking occurs when a municipality, in the exercise of its police powers, requires sign owners to modify their non-conforming signs to comply with height restrictions.

■ The imposition of reasonable zoning and land use regulations upon private property is a proper exercise of police power and does not constitute a taking unless the restrictions fail substantially to advance legitimate state interests or prevent economically viable uses of the property. *Van Sickle v. Boyes,* 797 P.2d 1267 (Colo.1990); *see also Agins v. Tiburon,* 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980); and *Penn Central Transportation Co. v. New York City,* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978).

■ Although a governmental regulation prohibiting *all* reasonable use of private property constitutes a taking, property owners are not entitled to receive just compensation when an ordinance reasonably restricts, but does not prohibit, all reasonable use of their property. Nor are they constitutionally entitled to obtain the highest and best use of their property or to gain maximum profits from its use. *Van Sickle v. Boyes, supra; Sellon v. Manitou Springs,* 745 P.2d 229 (Colo.1987).

Here, Denver concedes that the required removal of the two billboards which cannot be lowered to conform to the 45-foot height restriction are takings for which just compensation must be paid. However, Denver contends that the remaining 11 billboards can be lowered to conform to the ordinance without destroying their effectiveness as advertising devices. Owners dispute this, arguing that any modification of the signs will destroy their advertising effectiveness and constitute a taking.

■■ We disagree with owners' contention. A municipality may impose reasonable limitations upon billboards, provided that the limitations do not jeopardize the state's receipt of its share of federal highway funds or conflict with other substantial state interests. *National Advertising Co. v. Department of Highways,* 751 P.2d 632 (Colo.1988). If modification of the billboards can be secured without destroying their effectiveness as advertising devices, then owners are not foreclosed from all reasonable use of their property. Therefore, we hold that Denver's reasonable regulation requiring modification of owners' property does not per se constitute a taking for which just compensation must be paid.

II.

■ Because a question of genuine fact exists as to whether the 11 billboards can be lowered to conform to the ordinance's height restriction without destroying their effectiveness, the trial court's entry of summary judgment was improper. *Gleason v. Guzman,* 623 P.2d 378 (1981). Likewise, because this question of fact exists, the trial court prematurely ordered that the cease and desist orders at issue were invalid.

The record does not contain any evidence which would allow the court to resolve the factual dispute concerning whether the 11 billboards can be lowered without destroying their reasonable use. Moreover, the record does not indicate that any evidence was presented to the agency to allow it to rule on the factual dispute. Thus, as presently postured, the record is inadequate for judicial review of the Zoning Administration's action.

Owners are entitled to present evidence regarding this factual dispute to the Board for a determination. *See E & G Inc. v. San Miguel County Board of Commissioners,* 541 P.2d 86 (Colo.App.1975) (not selected for official publication). Thus, the matter must be remanded for consideration of the factual issue.

The summary judgment is reversed, and the cause is remanded with directions that the matter be remanded to the Denver Board of Adjustment–Zoning for further proceedings on the effect that bringing the 11 signs into conformity with the ordinance would have on their usability as an advertising vehicle.

SMITH and DAVIDSON, JJ., concur.